HORACE H. STEVENS, executor, *vs.* EDWARD S. BRADFORD & another.

Plymouth.   January 4, 1904. — April 2, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Tax*, On collateral inheritances.  *Words*, "Has been."

St. 1902, c. 473, postponing the payment of the collateral inheritance tax on future estates until the persons entitled come into possession of them, is retrospective as well as prospective, and applies to all cases where there has been before its passage, as well as where there shall be thereafter, a devise, descent or bequest liable to the collateral inheritance tax.

LATHROP, J.   This is a petition to the Probate Court by the executor and trustee under the will of Charles E. Stevens, to obtain the instructions of that court upon the following facts alleged in the petition and admitted by the answer. Charles E. Stevens, by his will, which was admitted to probate on November 2, 1899, bequeathed and devised certain property to the petitioner, in trust to pay the net income to Frederick T. Stevens during his life, and upon his decease to divide and pay over the remainder to the nephews and nieces of the testator,

living at the decease of Frederick T. Stevens. The question presented is whether the collateral inheritance tax of this Commonwealth is now payable by the executor upon the property to be held in trust until the death of Frederick T. Stevens, or whether the payment of the tax is postponed by the St. of 1902, c. 473, until the person or persons entitled thereto come into possession of their property. The Probate Court made a decree that the tax was not now payable, but was postponed by the St. of 1902, c. 473, until the person or persons entitled thereto should come into possession of their property, and added the words: " In other words, that statute is prospective and not retroactive in relation to said tax." From this decree the state treasurer appealed; and the case was reserved by a single justice of this court for our determination.

The question presented depends upon the construction to be given to the St. of 1902, c. 473. This statute, which took effect upon its passage, June 12, 1902, reads as follows: " In all cases where there has been or shall be a devise, descent or bequest to collateral relatives or strangers to the blood, liable to collateral inheritance tax, to take effect in possession or come into actual enjoyment after the expiration of one or more life' estates or a term of years, the tax on such property shall not be payable nor interest begin to run thereon until the person or persons entitled thereto shall come into actual possession of such property, and the tax thereon shall be assessed upon the value of the property at the time when the right of possession accrues to the person entitled thereto as aforesaid, and such person or persons shall pay the tax upon coming into possession of such property. The executor or administrator of the decedent's estate may settle his account in the probate court without being liable for said tax: provided, that such person or persons may pay the tax at any time prior to their coming into possession, and in such cases the tax shall be assessed on the value of the estate at the time of the payment of the tax, after deducting the value of the life estate or estates for years; and provided, further, that the tax on real estate shall remain a lien on the real estate on which the same is chargeable until it is paid."

The decree of the judge of the Probate Court is inconsistent, and we are of opinion that he was right in the first part of his

decree and wrong in the words added, and that the latter words should be stricken out. The statute is clearly retrospective and not merely prospective. It applies to " all cases where there has been or shall be a devise," etc. To construe it as relating merely to devises, descents or bequests, subsequently to the passage of the act, would give no effect to the words "has been." The use of the words expresses a clear and unequivocal intent on the part of the Legislature that the statute should operate retrospectively as to all estates where the tax has not been paid. In *Common- wealth* v. *McCaughey*, 9 Gray, 296, it is said by Mr. Justice Metcalf : " For it is an anciently established rule in the interpretation of statutes, that such a sense is to be made upon the whole statute, that no clause, sentence or word shall prove superfluous, void or insignificant, if, by any other construction they may all be made useful and pertinent. 1 Show. 108. Bac. Ab. Statute, I. 2." See also *Opinion of the Justices*, 22 Pick. 571, 573.

The statute in question was very likely passed to relieve a hardship which was imposed by the preceding laws, by which in case of a legacy in trust to pay the income to A. during his life, with remainder to B., the tax was taken out of the capital, and A. received the income of only the amount of the legacy diminished by the tax, although a legacy to him would not be taxable. In *Minot* v. *Winthrop*, 162 Mass. 113, 125, where this was held, it was said by Chief Justice Field : " Perhaps a simpler way than that prescribed by the statute would have been to levy the tax at the end of the life estate upon the whole of the fund to be paid to the legatee in remainder." This suggestion of the Chief Justice has been followed in the statute before us.

The decree of the Probate Court amended as we have already stated is to be

*Affirmed.*

*S. D. Elmore*, for the petitioner and the life tenant.

*F. B. Greenhalge*, Assistant Attorney General, for the treasurer of the Commonwealth.