HARRY R. DOW, administrator with the will annexed, *vs.* HARRY P. COLLINS ABBOTT & others.

Middlesex.   December 4, 1907. — February 25, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Devise and Legacy,* What estate.   *Tax,* Collateral legacies and successions.   *Executor and Administrator.*

A testatrix, when she was sixty-five years of age, wrote a will in her own handwriting, which contained twenty-four clauses, fifteen of which described specific legacies for the most part of keepsakes and articles of adornment, eight described pecuniary legacies, and the first read, "I devise and bequeath to M. my cottage and all it contains at Nahant — to use for the term of five years or longer." M. was not related to the testatrix. The will contained no residuary clause nor any general phrase expressive of a desire to distribute all her property, and real estate which she owned at Wakefield valued at $4,500 and at Stoneham valued at $1,500 was not mentioned. Other parts of the will showed that the testatrix knew how to make an absolute gift. *Held,* that by the clause quoted the testatrix did not intend to give a fee, but an estate for five years and as much longer as the donee might desire, which, translated into absolute terms by invoking the presumption that the most advantageous gift was intended, gave to the donee an estate for life in the cottage and the land about it and the furniture and chattels therein.

A testator who died before January 5, 1904, by his will devised certain real estate

and personal property for life to one who was not related to him, but made no disposition of the remainder. His heirs at law and next of kin at the time of his death were a brother and a nephew, the son of a deceased sister. The brother, after conveying his interest in the estate, died before the termination of the life estate. *Held,* that the life interest was subject to the tax on collateral legacies and successions under R. L. c. 15, § 1, to be assessed under § 16 of that chapter and to be paid by the administrator who then under § 5 could collect from the holder of the life estate so much as was due on the life interest; *also,* that the half of the remainder which vested in the brother was not subject to such a tax; and, *also,* that, by the provisions of R. L. c. 15, §§ 1, 4, and of St. 1902, c. 473, as amended by St. 1903, c. 276, the half of the remainder which vested in the nephew was subject to such a tax, to be paid by the nephew at the time when his estate vested in possession, and to be assessed upon the value of his estate at that time, except that at his option it might be paid at any time earlier upon a valuation then ascertained after deducting the value of the life estate; but that, if the nephew had not given the bond prescribed by St. 1903, c. 276, conditioned upon the payment of the tax when his estate should become vested in possession, then the administrator, at the expiration of two years from the death of the testator, should pay so much of such tax as was assessed upon the value of the nephew's interest in the personal property.

BILL IN EQUITY, filed in the Probate Court for the county of Middlesex February 26, 1907, by the administrator with the will annexed of the estate of Sarah M. Page Trow, late of Somerville, praying for instructions as to what estates Mary B. Morey and Harry Collins Abbott took under the first clause of the will in the cottage and its contents at Nahant; as to what amount of the tax due under the statutes for the taxation of collateral legacies and successions upon the personal and real estate at Nahant was due from Mary B. Morey, and as to what amount of such tax on the Nahant property was due from Harry Collins Abbott.

There was a hearing upon agreed facts in the Probate Court before *McIntyre,* J., who made a decree "that the words ' — to use for the term of five years or longer' in the first clause of said will, are so uncertain, contradictory, and vague in their meaning that they ought not to be construed to take effect as a limitation upon the clearly expressed gift of the cottage and all it contains, which precedes it; that the defendant Mary B. Morey, therein named as devisee, takes an absolute estate in fee in the real estate and property described in the first clause of said will; and that the whole amount of the tax thereon under the statute for the taxation of collateral legacies and successions is to be paid by the said Mary B. Morey."

On appeal to this court, there was a hearing before *Morton*, J., who reserved the case for determination by the full court.

The administrator was appointed January 5, 1904. The only heirs at law and next of kin of the testatrix at the time of her decease were E. Frank Page of Lawrence, a brother, since deceased, and Harry Collins Abbott of Andover, a nephew, (also called Harry P. Collins Abbott,) the son of a deceased sister. E. Frank Page, before his death, conveyed his interest to one Edward F. Page.

The appraisal of the real estate of the testatrix was as follows: "Cottage and land at Nahant, $2800; house, stable and land at Wakefield, $4500; cottage and land at Stoneham, $1500; total, $8800."

Other facts are stated in the opinion.

*J. P. Kane*, for Harry P. Collins Abbott and another.

*A. P. Sawyer*, for Mary B. Morey.

*D. Malone*, Attorney General, *& F. T. Field*, Assistant Attorney General, for the treasurer and receiver general.

RUGG, J. The testatrix at the age of sixty-five, and about one year before her death, being a widow without issue, wrote her will in her own hand, except that she used the ordinary printed blank. The first clause was this: "I devise and bequeath to Mrs. Mary B. More of Lowell, Massachusetts, my cottage and all it contains at Nahant, Massachusetts — to use for the term of five years or longer." The question is what estate vested in Mary B. Morey (who is the person meant by Mary B. More) under this language. Mrs. Morey was no kindred of the testatrix, whose heirs at law were a brother and a nephew. The will contains twenty-four clauses, of which eight give pecuniary legacies aggregating $837, fifteen describe specific legacies, mostly keepsakes and articles of personal adornment, and one alone, being the one under discussion, touches real estate; of the pecuniary legacies four are for $200 each, one being to the son of her brother, another for the care of the cemetery lot, and the others to charitable institutions. The inventory of her personal estate aggregated $874.98, of which the furniture and effects in the house at Nahant were appraised at $488.50, deposits in savings banks at $209.73, and other chattels at $176.75. Her real estate consisted of three parcels, the one at Nahant, a

house, stable and land at Wakefield, and a cottage and land at Stoneham.

The guiding rule in the interpretation of wills is to ascertain the intent of the one who executed it from the whole instrument, and then to give effect to that intent unless it conflicts with some inflexible rule of law. It is obvious that this testatrix did not intend to dispose of all her property by her will, for there is no residuary clause, nor any general phrase expressive of a desire to distribute all her property. The most valuable real estate she possessed is not referred to, and the value of all the property, which she mentions, is far less than the aggregate of her estate. Hence no inference against intestacy can be invoked to aid in the construction of a doubtful clause, nor can any importance be attached under these circumstances to the fact that she makes to each of her heirs at law trifling pecuniary gifts. The structure of the will indicates the distribution of tokens of remembrance and affection among friends and relatives and not a disposition of an estate as its main purpose. Although not using language with technical accuracy, the testatrix knew how to make an absolute gift, if such was her desire, as is shown by the clear gift outright of a ring to this same Mrs. Morey by clause eight. These attendant conditions are important considerations in determining the meaning of the first clause. It is to be noted that this is composed of a single sentence, a thought expressed in one breath. Although the words before the dash, if closed with a period and standing alone, would be sufficient to pass a fee, yet they do not stand alone and cannot be treated as the creation of a fee with an attempt later to cut it down to something less. To give this construction, it is necessary to interrupt the testatrix in the midst of a sentence before she had completed the expression of her thought. The structure of the sentence as well as its words militate against the contention that it gives a fee. It almost shows that, as the testatrix wrote the clause and completed the word "Massachusetts," she paused to read what had been written, and then perceived that these words by themselves made a larger gift than she intended, and with emphasis of punctuation she proceeded to complete the expression of the benefaction intended by stating that the extent of the gift was a use for five years,

adding finally however, as it may have seemed to her that after all her beneficiary might desire a longer occupancy and she would be glad to gratify such desire, the words " or longer." In phrasing this thought, she used the word " term," apt to express an estate for years or life, but quite inconsistent with the idea of a fee. Looking at the clause not technically or narrowly but broadly, and as written by one not versed in the niceties of legal nomenclature, the conclusion is clear that it was not the intention to pass a fee by this clause. In no other way can effect be given to all the words used. The clause thus interpreted harmonizes with the scheme of the instrument, and the benevolent design of the testatrix is effectuated. Precedents are of small value in a case like this, but it is more analogous to *Faxon* v. *Faxon*, 174 Mass. 509, *Gilkie* v. *Marsh*, 186 Mass. 336, and *Fay* v. *Fay*, 1 Cush. 93, than to *Bassett* v. *Nickerson*, 184 Mass. 169, and *Pitts* v. *Milton*, 192 Mass. 88.

It remains to inquire the exact extent of the estate acquired by the devisee, and especially as to the effect of the words " or longer " after the five year term. These words should be given effect if it is possible to do so reasonably and consistently with the rules of law, for they are a part of the phrase in which the testatrix has given expression to her thought. *Dawes* v. *Swan*, 4 Mass. 208. They cannot enlarge the quality of the estate, but only its term, for it is to that subject alone that they relate. The most reasonable construction to give them is that the estate is for a period of time, as much longer than five years as the donee may desire. But this can be translated into absolute terms only by invoking the presumption that the most advantageous gift to her was intended. The longest term consistent with the quality of the estate created is for life. Therefore, as there is nothing elsewhere in the will to control, the clause means an estate for the life of the beneficiary. The same words describe both real and personal estate, and therefore she takes a life interest in each. See *Haynesworth* v. *Cox*, Harp. Eq. (S. C.) 117 ; *Dann* v. *Spurrier*, 3 Bos. & P. 399 ; *Webb* v. *Dixon*, 9 East, 15. The result is that Mary B. Morey takes an estate for her life in the cottage and land about it at Nahant (*Barrett* v. *Marsh*, 126 Mass. 213), and the furniture and chattels therein, with remainder in the heirs at law of the testatrix. It is not necessary

to make any distinction between the real and personal estate, as the distributees and heirs at law are identical and receive the same shares.

The administrator asks for instructions as to the tax upon collateral legacies and successions, which is due from Mary B. Morey and from Harry Collins Abbott. The interest of Mary B. Morey is subject to taxation to be assessed on its value at the death of the testatrix, and the amount is to be ascertained according to R. L. c. 15, § 16 as amended by St. 1905, c. 367. *Hooper* v. *Bradford*, 178 Mass. 95. The tax is to be paid by the administrator, who has a right to collect that due on the real estate from Mrs. Morey, all as provided in R. L. c. 15, § 5. *Bradford* v. *Storey*, 189 Mass. 104.

The remainder in one half the cottage and its contents vested as intestate estate in a brother of the testatrix, and is free from any tax. R. L. c. 15, § 1. The remainder in the half which vested in Harry Collins Abbott is subject to a tax in accordance with St. 1902, c. 473, as amended by St. 1903, c. 276. As to the real estate it is plain that the tax is not payable until Harry C. Abbott comes into actual possession of the estate. It is to be assessed on its then value, except that at his option it may be paid at any time after deducting the value of the life estate, and is to be paid by him. It does not appear whether Abbott has given the bond required by St. 1903, c. 276. If he has, the provisions of the statute are clear as to the tax upon the personal property. If he has not given the bond required by the statute within one year after the death of the testatrix, then the tax as to the personal estate is due and payable as set forth in R. L. c. 15, § 4. It must be paid by the administrator upon the value, at the time of the death of the testatrix, of the interest coming to Abbott. The value of the life interest of Mrs. Morey is to be deducted in order to ascertain the value of the interest of Abbott. The statute makes no specific provision for a case exactly like this, but the values can be ascertained according to the method pointed out in R. L. c. 15, § 2, and St. 1903, c. 276, for analogous cases. *Howe* v. *Howe,* 179 Mass. 546.

*Decree of Probate Court reversed.*