GEORGE W. MITTON & others, executors, *vs.* TREASURER AND
RECEIVER GENERAL.

Norfolk.   December 5, 6, 1917. — January 4, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Tax,* On legacies and successions.   *Tax Commissioner.*

The widow of a testator having died, the provisions of his will as to the residue of
his estate, which took effect upon her death, were that the trustees to whom
such residue was given should hold it for twenty-five years and pay to his
children the net yearly income in equal shares, but not to exceed $150,000 in
any one year, for a period of ten years, if any further income accrued, it was
to be added to the principal and, at the end of the period of ten years, the entire
net income was to be distributed among his children, the issue of any deceased
child taking by right of representation, and, when the period of twenty-five
years ended, the principal was to be distributed equally among his children
then living and the issue of any deceased child by right of representation, and,
if none of them were living, it was to be distributed as if he then had died in-
testate.   *Held,* that the interests of the children in the gifts of income for the
first ten years, having vested in possession, were subject to the legacy tax im-
posed by St. 1909, c. 490, Part IV, § 1, as amended by St. 1912, c. 678, § 1.
Upon a petition under St. 1909, c. 490, Part IV, § 21, by the executors of the will
above described praying for the determination of questions in regard to the
legacy and succession taxes due upon the estate of the testator, it was *held,* that
under St. 1909, c. 490, Part IV, § 4, executors who have performed their present
duties are not entitled to instructions as to what their duties may be upon the
happening of future events with which they may have no official connection, and
accordingly this court refused to instruct the petitioners as to what legacy taxes
would be payable at the expiration of the period of ten years mentioned above.
In the same case it was *held* that one of the petitioning executors, who also joined
in the petition individually as a beneficiary of income and as one of the re-
maindermen, would be entitled under St. 1909, c. 490, Part IV, § 7, to have the
tax upon his future interest determined and certified, if he was "willing to waive
the right to a possible diminution in the value of his interest by the birth of
additional issue" and if the tax was susceptible of computation; but in the pres-
ent case owing to elements of uncertainty the Tax Commissioner determined
that it was impossible to compute the present value of the future interest.
In the same case it also was *held* that, upon an application under St. 1909, c. 490,
Part IV, § 7, to the Tax Commissioner to determine the actual value of the
interest of the petitioner or to exercise the power given him by that section,
where it is impossible to compute the present value of the future interest, in
order to effect, with the approval of the Attorney General, such a settlement of
the tax as he shall deem to be for the best interests of the Commonwealth,
if the Tax Commissioner commits no error of law, his decision of fact that
the present value of the petitioner's interest cannot be computed is final, and
whether he will, with the approval of the Attorney General, effect a settlement

of the tax rests wholly in the exercise of his sound discretion and judgment, and his refusal to exercise the power is not reviewable.

PETITION, filed in the Probate Court for the county of Norfolk on January 27, 1917, under St. 1909, c. 490, Part IV, § 21, by the executors of the will of Edward J. Mitton, late of Brookline, and by George W. Mitton, individually, as one of the legatees under that will, praying for the determination of questions in regard to the legacy and succession taxes due upon the estate of the testator. The questions which the petitioners prayed the court to determine were as follows:

"1. What interests passing to the children of the testator under said will are presently taxable.

"2. Whether your petitioners are entitled to have the tax upon the entire estate certified and determined.

"3. Whether your petitioners are entitled to a settlement of the tax upon the basis of the present value of the estate and a rate determined by having all elements which create uncertainty in respect to the value of each interest and consequently as to the rate of taxation thereon and render it impossible to compute considered in the light most unfavorable to them.

"4. Whether said George W. Mitton is entitled to have the tax upon his future interest determined and certified if he is willing to waive the right to a possible diminution in the value of his interest by the birth of additional issue."

The Probate Court made a decree "that the only interests of the children of the testator in the trust of the residue of his estate created by the third paragraph of his will upon which legacy and succession taxes are due and payable at the expiration of two years after the date of the giving of bonds by said executors are the interests of said children in the income of the trust during the life of the widow and for a period of ten years after his death; that legacy and succession taxes upon the additional interests in the income of the trust for the remainder of the ten year period only which came into the possession and enjoyment of the children of the testator upon the death of the widow of the testator became due and payable at the expiration of one year after the death of the widow; that all the remaining interests in said trust, particularly including the interests of the children of the testator and their issue in the income of the trust after the expiration of

the ten year period and until the termination of the trust, and all interests in the principal of the trust, are interests which take effect in possession or enjoyment after the expiration of a life estate or a term of years, and that, it being impossible to compute the present value of said remaining interests, the executors are entitled now to pay taxes thereon only in the event that the Tax Commissioner, with the approval of the Attorney General, shall enter into an agreement with them effecting such a settlement of the amount of said taxes as he shall deem to be for the best interests of the Commonwealth; and it further appearing that the executors have now paid all taxes due and payable upon the interests of the children of the testator in the income of the trust for the ten year period both during and after the life of the widow, and that no agreement has been entered into with the Tax Commissioner, approved by the Attorney General, for the settlement of any taxes upon any non-computable interests, it is further decreed that the executors are not now entitled to have determined or to pay any further taxes on account of said estate, such taxes not being payable until the expiration of one year after said remaining interests come into the possession or enjoyment of the beneficiaries of said trust."

The petitioners appealed. The appeal was heard by *Crosby, J.,* who made certain findings of fact, including the facts that are stated in the opinion, and reserved the case upon the petition, the answer, the decree of the Probate Court, the appeal and the findings of fact made by him for determination by the full court.

*P. Nichols & E. H. Abbot, Jr.,* for the petitioners.

*W. H. Hitchcock,* Assistant Attorney General, for the respondent.

BRALEY, J.  By the residuary clause of the will as modified by the second, fourth, fifth and sixth articles, the testator created a trust for the benefit of his wife and children. The trustees were to hold the estate for twenty-five years after his death and until the death of his wife, but in no event longer than twenty-one years after the death of the last survivor, and pay from the net yearly income $50,000 annually to his wife for life, and to his children the remainder in equal shares but not to exceed $100,000 (changed by the codicil to $150,000) in any one year for a period of ten years, the issue of any deceased child to take by right of representation.  If any further income accrues it is to be added to prin-

cipal, and at the end of the period of ten years the entire net income in excess of $50,000 is to be distributed among the children, the issue of any deceased child taking by right of representation. But, the testator's wife having died about eighteen months after his decease, her life estate terminated, and the trustees then were to distribute the net income, not however exceeding $150,000 in any one year, for the first ten years after his death, and upon the expiration of ten years, the entire net income in equal shares among his children, the issue of any deceased child to take the parent's share. When the period of twenty-five years ends, the principal is to be divided equally between his children then living, and the issue of any deceased child by right of representation. If none of them are living, the fund is to be distributed as if he then had died intestate. The sixth clause further directs, that "All payments of income hereunder shall be made at least semi-annually and shall be made into the hands of each beneficiary or upon his or her order therefor signed at or immediately before the payment thereof, without power of anticipation by voluntary or involuntary assignment or otherwise and free from the interference or control of any creditor."

By the first question the executors ask for instructions as to "What interests passing to the children of the testator under said will are presently taxable?" The interest of the children in the gifts of income for the first ten years, which by her death includes that portion provided for the widow, having vested in possession is subject to the inheritance tax imposed by St. 1909, c. 490, Part IV, § 1, as amended by St. 1912, c. 678, § 1, in force when the testator died. *Attorney General* v. *Stone*, 209 Mass. 186. *State Street Trust Co.* v. *Treasurer & Receiver General*, 209 Mass. 373. The petition, although brought under St. 1909, c. 490, Part IV, § 21, contains no claim for abatement for which provision is made in § 20, and which may be enforced in equity in the court of probate. *Attorney General* v. *Roche*, 219 Mass. 601, 602. And, having been duly certified by the Tax Commissioner, those taxes are payable by the executors in performance of their duty as required by statute.

The second and third questions are, "Whether your petitioners are entitled to have the tax upon the entire estate certified and determined," and "Whether your petitioners are entitled to a

settlement of the tax upon the basis of the present value of the estate and a rate determined by having all elements which create uncertainty in respect to the value of each interest and consequently as to the rate of taxation thereon and render it impossible to compute, considered in the light most unfavorable to them." But as § 4 provides, that "In all cases where there shall be a grant, devise, descent, or bequest to take effect in possession or come into actual enjoyment after the expiration of one or more life estates or a term of years, the taxes thereon shall be payable by the executors, administrators or trustees in office when such right of possession accrues, or, if there is no such executor, administrator or trustee, by the person or persons so entitled thereto, at the expiration of one year after the date when the right of possession accrues to the person or persons so entitled," the executors who have performed their present duties are not entitled to instructions as to what their duties may be upon the happening of future events with which they may have no official connection. *Peabody* v. *Tyszkeiwicz,* 191 Mass. 317, 322. It is to be assumed that before the expiration of the period of ten years they will close the estate and transfer the property to the trustees by whom the trust is to be administered, and the succession taxes which accrue in the future "whether imposed upon principal or income . . . paid out of the principal of the residue of my estate" as directed by the testator. *Daggett* v. *White,* 128 Mass. 398. *Welch* v. *Boston,* 211 Mass. 178, 181.

The petitioner and co-executor George W. Mitton, a beneficiary of income and one of the remaindermen, also asks whether he "is entitled to have the tax upon his future interest determined and certified if he is willing to waive the right to a possible diminution in the value of his interest by the birth of additional issue." By § 6, "Except as hereinafter provided, said tax shall be assessed upon the actual value of the property at the time of the death of the decedent. In every case where there shall be a devise, descent, bequest or grant to take effect in possession or enjoyment after the expiration of one or more life estates or a term of years, the tax shall be assessed on the actual value of the property or the interest of the beneficiary therein at the time when he became entitled to the same in possession or enjoyment. The value of an annuity or a life interest in any such property,

or any interest therein less than an absolute interest, shall be determined by the 'Actuaries' Combined Experience Tables' at four percent compound interest."

But the petitioner cannot come into possession of the remainder until the termination of the limited life estates, which are to run for nearly a generation. It is then that the tax is to be assessed and payment made from the trust fund by the trustee then in office, and as this event has not happened he must resort to § 7, which reads as follows: "Any person or persons entitled to a future interest or to future interests in any property may pay the tax on account of the same at any time before such tax would be due in accordance with the provisions hereinbefore contained, and in such case the tax shall be assessed upon the actual value of the interest at the time of the payment of the tax, and such value shall be determined by the Tax Commissioner as hereinafter provided. In every case in which it is impossible to compute the present value of the future interest the Tax Commissioner may, with the approval of the Attorney General, effect such settlement of the tax as he shall deem to be for the best interests of the Commonwealth, and payment of the sum so agreed upon shall be a full satisfaction of such tax." The right conferred is for the benefit of those who are liable in the future for an inheritance tax, and, if the present value can be computed, a devisee or legatee is given the right to have his interest in an estate in expectancy presently taxed instead of being postponed until he comes into possession when § 6 governs. If an estate in remainder is appraised simultaneously with an annuity or life interest, its value is determined by deducting from the entire estate the value of the annuity or life estate. *Dow* v. *Abbott,* 197 Mass. 283, 288. *Howe* v. *Howe,* 179 Mass. 546, 550.

If the beneficiary's particular estate is not for life but is limited to a less period, nevertheless it is an "interest therein less than an absolute interest," and no sufficient reason is shown why ordinarily valuation cannot be based on its probable duration calculated in accordance with the tables. It is an interest which takes "effect in possession or . . . actual enjoyment after the expiration" of one or more intermediate estates. The trust, however, as we have said, runs for a period of twenty-five years, for the first ten years of which the principal is to be increased by

the accumulation of undistributed income. The character of the property to be turned over by the executors to the trustees is such that the amount, if any, which may be accumulated cannot be presently and exactly fixed, and under the scheme of the will any accumulation constitutes a future interest which can be ascertained only when the time for distribution comes. But this is not the only element of positive uncertainty. The fund which includes all accumulations is to be "paid over in equal shares to my children then living, and the issue of any one or more of them deceased, by right of representation." The testator left at his death five children, three of whom including the petitioner had children then living, and all the children and grandchildren also were living when the petition was brought. It is plain from the wording of the will that not only the petitioner's issue, if he did not survive, and if he left no issue, his surviving brothers and sisters, or, if they or either of them were not living, their respective surviving issue if any, would take his share, but, if any of his brothers or sisters predeceased him leaving no issue, and he survived, his share of the fund would be increased accordingly. *Denny* v. *Kettell*, 135 Mass. 138. *Gibbens* v. *Gibbens*, 140 Mass. 102, 104, 105. *Stanwood* v. *Stanwood*, 179 Mass. 223, 226. *Cushman* v. *Arnold*, 185 Mass. 165, 168. *Alexander* v. *McPeck*, 189 Mass. 34. *Clarke* v. *Fay*, 205 Mass. 228. *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196 Mass. 35. It thus appears that the Tax Commissioner before he could compute "the actual value of the interest at the time of the payment of the tax" had to determine, not only the present worth of a future fund, the entire amount of which is absolutely uncertain, but whether the petitioner probably would come into possession of the designated share of that fund as provided in the will. What has been said concerning principal applies as well to the increased income expectant upon the completion of the period of ten years, leaving fifteen years more during which the trust is to continue. The uncertainty, if less in degree, is of the same type. The basis of computation whether the expectant estate consists of principal, or of income, must be determined soundly before a result can be reached which, while just to the petitioner, also properly protects the interests of the public in the raising of revenue where the amount to be derived is of the utmost importance. The computations of the actuary appearing

in the record treat "the value of the interests of the respective legatees, taking the interest of each child of the testator and his issue as a unit," on an assumption of the present value of the estate, which because of the uncertainty of the amount of the accumulation as well as the probable increase of the property over the value shown at the testator's death, the commissioner well might deem as nothing more than an approximation, which he could not safely adopt and follow. The question before him as a public officer whose duties are prescribed by law was a question of fact concerning taxation over which the statute gives him jurisdiction. If he errs in matters of law the error may be corrected, and his decision, that the present value of the petitioner's interest could not be computed, is not shown to have been erroneous. St. 1909, c. 490, Part IV, § 20. *Gibbs* v. *County Commissioners,* 19 Pick. 298, 299. *Sears* v. *Nahant,* 208 Mass. 208. *Attorney General* v. *Roche,* 219 Mass. 601.

The statute, however, further provides that the commissioner, if "it is impossible to compute the present value, . . . may, with the approval of the Attorney General, effect such settlement of the tax as he shall deem to be for the best interests of the Commonwealth." But from the very language of the statute whether such action shall be taken rests in his sound discretion and judgment, and his refusal to comply with the request or demand of the petitioner that a settlement be effected is not reviewable. *French* v. *Jones,* 191 Mass. 522, 532, and cases cited. The decree of the Probate Court dismissing the petition should be affirmed.

*Ordered accordingly.*