ARTHUR W. MOORS & others, executors & trustees, *vs.* TREASURER AND RECEIVER GENERAL.

Suffolk.     December 9, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Tax,* On legacy or succession.

Provisions of the will of one who died in April, 1909, placed the residue of the testator's property, including his interest in a partnership, in trust with directions to the trustee " to pay over the principal and income thereof" to those persons, except a certain daughter, who, " at the time of each payment, are the

persons who would then be entitled" thereto had the testator died intestate immediately previous to the payment, to permit the interest in the partnership to continue until it ended by limitation with 1918 unless the surviving partners terminated the partnership at an earlier date, and, on the termination of the partnership, to pay over and to distribute the principal of the trust fund to and among those persons, except the daughter named, who would be entitled thereto had the testator died intestate immediately after the termination of the partnership. A widow and six children, including the excepted daughter, survived the testator. The widow died in 1913. To the time of her death she had received one third of the income of the partnership and each of the five children had received one fifteenth. After the death of the widow and until the termination of the trust by limitation in 1918, each of the five children received one fifth of the whole income. Under St. 1907, c. 563, § 6, the Tax Commissioner valued the principal of the trust at $475,000, also valued the rights of the widow and of the five children to receive income under the will upon the basis of that valuation of the principal, assessed upon each of them a tax of one per cent of the valuation of that right to income, and received payment thereof "on account." After the death of the widow, an additional tax of one per cent was assessed upon the right of each of the five children to receive additional income which previously had been paid to the widow. At the termination of the trust, the principal was valued by the Tax Commissioner at $547,040, and, the interest of each of the five children therefore being in value more than $100,000, an additional one per cent tax was assessed upon the right which each of them had had to receive income from the fund, and a tax of two per cent of one fifth of $547,040 was also assessed upon the right of each of them to receive one fifth of the principal of the trust. Upon appeals by the five children, it was *held*, that

(1) By the express language of St. 1907, c. 563, § 6, the right of the widow and of the five children to receive income during the continuance of the partnership, having vested in possession at the death of the testator, was subject to taxation;

(2) The interests of the five children in the principal of the trust were subject to the tax at the termination of the partnership and not before;

(3) The value of the principal fund at the time of distribution, and not that at the time of the testator's death, was to be taken as the basis of the computation of the tax upon the rights of the children in the principal;

(4) It was proper for the Tax Commissioner to make a first assessment of one per cent upon a valuation of the right to receive income, which he then could not ascertain with certainty, and to receive payment of such tax "on account";

(5) The Tax Commissioner's power to assess was not exhausted by the making of such first assessment, and the subsequent assessments were lawful;

(6) The statute, St. 1907, c. 563, is constitutional.

PETITION, filed in the Probate Court on July 15, 1919, by the executors of and the trustees under the will of Joseph B. Moors, late of Boston, for an abatement of a portion of succession taxes assessed upon that estate.

The petition was heard in the Probate Court by *Prest, J.*, and

was dismissed. The petitioners appealed, alleging as their objections to the decree appealed from the following:

"1. The taxes set out in their said petition were assessed without authority of law and were wrongfully exacted and should be abated in whole or in part.

"2. The power of the tax commissioner was exhausted by the first assessment of one per cent upon the interests of the several legatees after the certification and payment of the tax, and the subsequent assessments and certifications of taxes after December 31, 1918, after the termination of the trust, namely, the additional one per cent assessed upon the valuations first made, and the two per cent upon the new valuation made at the termination of the trust, were assessed without authority of law and should be abated.

"3. The property received by each legatee should not have been valued and assessed more than once.

"4. The valuation of the estate made as of the date of the death of the testator, was the valuation which should have been used as the basis of the tax of two thirds of the legacy, and the valuation made as of the date of the death of Mary B. Moors [the testator's widow] should have been the basis of the tax of one third of the legacy.

"5. The taxes in question assessed and certified as set out in their said petition are unreasonable and unconstitutional, and if justified by the statute relating to taxation of legacies under which they were assessed, the statute is unconstitutional."

The computation of the tax by the Tax Commissioner, so far as it related to the appellants, is given in a footnote.*

| * Devisees and Legatees | Relation-ship | Rate % | Taxable share | Tax |
|---|---|---|---|---|
| Mary B. Moors | wid. | 1 | | |
| 73 yrs. int. 1/3 res. | | | 30990.40 | 309.90 |
| deceased Dec. 19, 1913 | | | | |
| Arthur W. Moors | son | 1. | | |
| 49 yrs. lim. int. | | | 17627.00 | 176.27 |
| 54 " " " | | | | |
| due Dec. 19, 1914 | | addl. | 5409.71 | 54.10 |
| addl. rate " Dec. 31, 1919 | | 1 | | 230.37 |
| 1/5 " " " " | | 2 | 109408.00 | 2188.16 |
| (Note continued on next page.) | | | | |

By St. 1907, c. 563, § 1 (St. 1909, c. 490, Part IV, § 1), the succession tax upon all property and interest therein, passing by will or by the laws of intestate succession to the widow or a child of the decedent, was subject to a tax of one per cent of its value if such value exceeded $10,000 but did not exceed $50,000, one and one half per cent if such value exceeded $50,000 and did not exceed $100,000, and two per cent if its value exceeded $100,000.

On appeal, the case came on to be heard by *Pierce*, J., who reported it for determination by the full court upon the pleadings, the appellants' objections to the decree of the Probate Court and a statement of agreed facts.

The case was submitted on briefs.

| Devisees and Legatees | Relationship | Rate % | Taxable share | Tax |
|---|---|---|---|---|
| John F. Moors | son | | | |
| 47 yrs. lim. int. | | 1 | 18923.40 | 189.23 |
| 52 " " " | | | | |
| due Dec. 19, 1914 | | | 5447.71 | 54.48 |
| Addl. rate " Dec. 31, 1919 | | addl.1 | | 243.71 |
| 1/5 " " " " | | 2 | 109408.00 | 2188.16 |
| Francis J. Moors | son | | | |
| 45 yrs. lim. int. | | 1 | 19088.30 | 190.88 |
| 50 " " " | | | | |
| due Dec. 19, 1914 | | | 5473.05 | 54.73 |
| addl. rate " Dec. 31, 1919 | | addl.1 | | 245.61 |
| 1/5 " " " " | | | 109408.00 | 2188.16 |
| Maria B. Cabot | dau. | | | |
| 43 yrs. lim. int. | | 1 | 19225.00 | 192.25 |
| 48 " " " | | | | |
| due Dec. 19, 1914 | | | 5498.39 | 54.98 |
| addl. rate " Dec. 31, 1919 | | addl.1 | | 247.23 |
| 1/5 " " " " | | 2 | 109408.00 | 2188.16 |
| Adelaide J. Moors | dau. | | | |
| 35 yrs. lim. int. | | 1 | 19526.60 | 195.27 |
| 40 " " " | | | | |
| due Dec. 19, 1914 | | | 5549.07 | 55.49 |
| addl. rate " Dec. 31, 1919 | | addl.1 | | 250.76 |
| 1/5 " " " " | | 2 | 109408.00 | 2188.16 |

*W. H. Brown,* for the petitioners.

*J. W. Allen,* Attorney General, & *C. R. Cabot,* Assistant Attorney General, for the respondent.

CROSBY, J.   This is a petition for the abatement of legacy and inheritance taxes assessed under the provisions of St. 1907, c. 563 (St. 1909, c. 490, Part IV).

Joseph B. Moors died on April 30, 1909, testate.  By the third article of his will, the residue of his estate was left in trust, including his interest in the firm of J. B. Moors and Company, in which he was a partner, the trustees to manage, invest and reinvest the same and "to pay over the principal and income thereof as hereafter set forth."  The trustees were directed to allow his interest in the firm to continue until it ended by limitation on December 31, 1918, unless the surviving partners terminated the partnership at an earlier date.  During its continuance, the income of the trust fund was to be paid semiannually to those persons (except his daughter Ethel Prescott Moors) who, "at the time of each payment, are the persons who would then be entitled" thereto, had the testator died intestate immediately prior to the payment, possessed of the amount to be so paid; and on the termination of the partnership the trustees were to pay over and distribute the principal of the trust fund to and among those persons (except his daughter Ethel Prescott Moors) who would be entitled thereto, had he died intestate immediately after the termination of the partnership seised and possessed thereof.

The testator left a widow and five children, besides his daughter Ethel.  The widow died on December 19, 1913.  From April 30, 1910, to the date of her death she received one third of the income of the trust, the balance being paid to the five children in equal shares.  From December 19, 1913, until December 31, 1918, the five children received in equal shares the whole income of the fund.

After the death of the testator on April 30, 1909, the Tax Commissioner under St. 1907, c. 563, § 6, computed the values of the interests of the widow and children in the income to be received prior to December 31, 1918, provided such beneficiary lived until that date, and assessed a tax on the value of such interest at the rate of one per cent, which was paid on April 27, 1911.  The commissioner gave a receipt for such payment "on account."  After the death of the widow on December 19, 1913, the commissioner

computed in a similar manner the value of the right of the children to receive income (formerly received by the widow), until December 31, 1918, provided the children should live until that date; on these amounts a tax at the rate of one per cent was assessed and was paid on May 12, 1919. On the termination of the partnership on December 31, 1918, all the children were living and each received one fifth of the principal of the trust fund.

The principal at the date of the death of the testator was valued by the commissioner at $475,000; and at the termination of the trust, at $547,040; and a tax at the rate of two per cent was assessed under § 6, and was paid on May 12, 1919, on the last named sum. The value of each child's interest exceeded $100,000. At the time the last tax was assessed on the principal, each child was assessed on the right to receive income formerly valued as of April 30, 1909, and as of December 19, 1913, a tax at the rate of one per cent; this additional tax was also paid on May 12, 1919.

Although under the third article of the will the title to the remainder of the estate vested in the trustees, yet the income belonged to the then living legatees, and they were entitled to be paid it semiannually; having vested in possession, the interests of the widow and children were subject to the tax imposed by § 6, which provides that "In every case where there shall be a devise, descent, bequest or grant to take effect in possession or enjoyment after the expiration of one or more life estates or a term of years, the tax shall be assessed on the actual value of the property or the interest of the beneficiary therein at the time when he becomes entitled to the same in possession or enjoyment." As the widow and children came into the enjoyment of the income at the death of the testator, by the express language of the statute it was subject to taxation. *Howe* v. *Howe*, 179 Mass. 546. *Mitton* v. *Treasurer & Receiver General*, 229 Mass. 140, 143.

The situation respecting the principal of the trust fund so far as it was a part of the partnership property stood upon a different footing. It was uncertain whether the partnership would be terminated by the death of a partner, or by an agreement between the members of the firm, or by limitation. The principal was not subject to legacy and succession taxes until it came into the possession and enjoyment of the beneficiaries, consequently the interests therein were not subject to tax either at the time

of the death of the testator or at the date of the death of the widow. *Attorney General* v. *Stone,* 209 Mass. 186, 190. When, however, the partnership was terminated on December 31, 1918, each child became entitled to one fifth of the principal of the fund, and as the share therein received by each at the time of distribution amounted to over $100,000, it was subject to a tax at the rate of two per cent. St. 1907, c. 563; § 1. St. 1909, c. 490, Part IV, § 1. As § 6 provides that "the tax shall be assessed on the actual value of the property or the interest of the beneficiary therein at the time when he becomes entitled to the same in possession or enjoyment," the value of the principal fund at the time of distribution, and not at the date of the testator's death, is to be taken as the basis of the computation of the tax. *Mitton* v. *Treasurer & Receiver General, supra.*

The first tax assessed on account of income by the Tax Commissioner of one per cent did not prevent the additional assessment of one per cent thereafter. The income which was received was subject to a tax of two per cent under the statute, and it was the duty of the commissioner to assess the additional one per cent on the rights to receive income previously taxed at one per cent, when it could not be ascertained with certainty at the time the first assessment was made how much each child would eventually receive; in these circumstances it was proper for the Tax Commissioner to assess a tax of one per cent and give therefor receipts on account.

It follows from what has been said that the Tax Commissioner's power was not exhausted by making the first assessment and that the subsequent assessments were lawful.

The question of the constitutionality of the statute is fully covered by *Minot* v. *Winthrop,* 162 Mass. 113, *Stevens* v. *Bradford,* 185 Mass. 439, *Minot* v. *Treasurer & Receiver General,* 207 Mass. 588, *Attorney General* v. *Stone,* 209 Mass. 186.

We are of opinion that the statute was correctly applied in making the assessments and that no reversible error is shown. The decree of the Probate Court dismissing the petition should be affirmed.

*So ordered.*