STANLEY M. BOLSTER, trustee, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk. December 5, 1945. — January 16, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Taxation*, Succession tax. *Trust*, Annuity, Life interest. *Devise and Legacy*, Annuity, Life estate. *Annuity*. *Statute*, Construction. *Value*.

A provision in a will establishing a trust to pay the net income to the testator's son for his life and thereafter to pay the net income for the benefit of the son's children during the life of each gave the grandchildren equitable life interests, not annuities, within G. L. (Ter. Ed.) c. 65, § 13.

A life interest in the income of a trust, not shown to be payable quarterly, coming into possession and enjoyment upon the termination of a prior life interest in the income, must, under G. L. (Ter. Ed.) c. 65, § 13, be valued for the purposes of the succession tax according to the figures appropriate to "Life Estates" in the "American Experience Tables" and not according to the figures in such tables appropriate to "Annuities" payable quarterly.

A long established administrative practice cannot be considered in construing an unambiguous tax statute.

PETITION IN EQUITY, filed in the Probate Court for the county of Suffolk on April 22, 1943.

The case was heard by *Dillon*, J.

*W. G. Perrin,* Assistant Attorney General, (*R. J. Cotter, Jr.,* with him,) for the Commissioner of Corporations and Taxation.

*M. G. Bolster,* for the petitioner.

RONAN, J.   This is a petition in equity filed in the Probate Court for the county of Suffolk under G. L. (Ter. Ed.) c. 65, § 27, for the abatement of succession taxes assessed upon the interests that, in accordance with the will of their grandmother, Margaret A. Brigham, passed into the possession and enjoyment of Margaret S. Alford and Robert E. Brigham on the death of their father, Robert O. Brigham, which occurred on November 19, 1941.   The respondent appealed from a final decree ordering an abatement.

The testatrix bequeathed and devised her residuary estate to the petitioner in trust to pay the net income to her son, Robert O. Brigham, during his life "in such amounts and at such times as my trustee in his sole discretion may deem advisable," and upon the death of the son to pay the net income for the benefit of his children "so long as each shall live," with further provisions for the benefit of their issue and fixing the time for the distribution of the trust.   The respondent assessed the tax upon values computed on the theory that these beneficiaries received annuities that were payable quarterly.   The petitioner contends that the values of the interests of these two grandchildren should have been calculated upon the basis that they received life estates and not annuities.

The method to be adopted for the evaluation of the interests that passed to these beneficiaries is prescribed by the statute, G. L. (Ter. Ed.) c. 65, § 13, which, in so far as material, provides that "In case of a devise, descent, bequest or grant to take effect in possession or enjoyment after the expiration of one or more life estates or of a term of years, the tax shall be assessed on the value of the property or interest therein coming to the beneficiary at the time when he becomes entitled to the same in possession or enjoyment. The value of an annuity or a life interest in any such property, or any interest therein less than an absolute interest, shall be determined by the 'American Experience Tables'

at four per cent compound interest." The statute further provides for the evaluation of an annuity or life interest which had been terminated by the death of the annuitant or life tenant when the tax was not due or paid in advance, and authorizes the tax to be assessed upon the amount of the annuity or income actually paid to the annuitant or life tenant during the period he was entitled to the annuity or was in the possession of the life estate.

These beneficiaries were given the net income of a trust fund during their lives. The amounts that they were to receive would be the fluctuating balance struck from time to time after deducting from the gross income, itself a variable factor, the expenses and costs of administration, which in accordance with recent trends have substantially increased. The beneficiaries were not entitled to periodical payments of fixed amounts without diminution or contingency. They had equitable life interests in the income of the trust fund. We need not note further distinctions between what these beneficiaries received and an annuity, for their gift from their grandmother bore none of the familiar characteristics of an annuity which have been frequently pointed out in our decisions, in many of which the distinction between life estates and annuities has been set forth. *Swett* v. *Boston,* 18 Pick. 123. *Brimblecom* v. *Haven,* 12 Cush. 511. *Bates* v. *Barry,* 125 Mass. 83. *Cummings* v. *Cummings,* 146 Mass. 501. *Welch* v. *Hill,* 218 Mass. 327. *Bacon* v. *Commissioner of Corporations & Taxation,* 266 Mass. 547. *Casey* v. *Genter,* 276 Mass. 165. *Tirrell* v. *Commissioner of Corporations & Taxation,* 287 Mass. 464. *Lomasney* v. *Prendible,* 299 Mass. 273.

The values of the interests of these beneficiaries were to be calculated in accordance with the experience tables mentioned in the statute. G. L. (Ter. Ed.) c. 65, § 13. The particular table appropriate to a computation of the tax, a copy of which is made a part of the record, shows two columns of figures. The first column is captioned "Life Estates," and shows the figures to be employed for the ascertainment of the present values of life estates received by life tenants of various ages from ten to ninety-four years. The second

column is headed "Annuities," and sets forth a series of figures or factors for determining the values of annuities for different ages of annuitants. This table contained a note to the effect that where "an annuity is payable . . . quarterly add .375" to the annuity figure appearing in the second column opposite the age of the annuitant. The tax was computed by the respondent by adding this figure to the annuity figure appearing in the second column.

The respondent contends that, as the value is reckoned on the basis of a four per cent income whether the interest be a life estate or an annuity, and as the income of each is apportionable under G. L. (Ter. Ed.) c. 197, §§ 26, 27, and as the value would be the same whether the figures in the first or second column of the table were used, for all practical matters a life estate may be considered as an annuity in ascertaining the value of the property as the measure of the tax.

The statute, G. L. (Ter. Ed.) c. 65, § 13, makes provision for the evaluation of three different interests, an annuity, a life interest, and any interest less than an absolute interest. *Mitton* v. *Treasurer & Receiver General*, 229 Mass. 140, 145. *Moors* v. *Treasurer & Receiver General*, 237 Mass. 254, 259. The last part of this section dealing with the assessment of a tax on the amount of an annuity or the income received by a life tenant, both of which had been terminated before the tax had been paid, indicates a plain intent of the Legislature to differentiate between an annuity and a life estate. The phrasing of this part of the section negatives any possible contention that these two terms were intended to be used interchangeably and indicates that the distinction between these terms in the last part of the section was to be observed in the earlier part of the section. It is a general rule of statutory construction that ordinarily a term appearing in different portions of a statute is to be given the same meaning. *Animal Rescue League* v. *Assessors of Bourne*, 310 Mass. 330, 336. *Wellesley College* v. *Attorney General*, 313 Mass. 722, 728. In so far as the experience table provides for a method of calculation of the value of any of the three interests enumerated in this statute, that method alone must be adopted. None of the words of a statute is to be regarded

as superfluous, but each is to be given its ordinary meaning without overemphasizing its effect upon the other terms appearing in the statute, so that the enactment considered as a whole shall constitute a consistent and harmonious statutory provision capable of effectuating the presumed intention of the Legislature. *Commonwealth* v. *McCaughey,* 9 Gray, 296, 297. *Kennedy* v. *Commissioner of Corporations & Taxation,* 256 Mass. 426, 429. *DeBlois* v. *Commissioner of Corporations & Taxation,* 276 Mass. 437, 438. *Paquette* v. *Fall River,* 278 Mass. 172, 176–177. *Fluet* v. *McCabe,* 299 Mass. 173, 178. Furthermore, we are dealing with a taxing statute, which is to be strictly construed and where all doubts are to be resolved in favor of the taxpayer. *Bingham* v. *Commissioner of Corporations & Taxation,* 249 Mass. 79. *Hayes* v. *Commissioner of Corporations & Taxation,* 261 Mass. 134. *Cabot* v. *Commissioner of Corporations & Taxation,* 267 Mass. 338.

The enumeration in said § 13 of the different interests to be valued must be recognized and observed, and there is no authority therein to depart from the prescribed methods. An equitable life interest may not be valued as if it were an annuity. The respondent was not empowered to add the figure .375 in computing the values of the interests that passed to these beneficiaries. That figure could be employed only in ascertaining the value of an annuity that was payable quarterly. Apart from the question of an annuity, there was no evidence that the beneficiaries were paid quarterly, or that the petitioner on account of the nature of the investments of the trust was able to make any such payments, or that he was required to do so by the terms of the will. See *Shirk* v. *Walker,* 298 Mass. 251; *Taylor* v. *Bentinck-Smith,* 304 Mass. 430, 437; Am. Law Inst. Restatement: Trusts, § 182.

The final contention of the respondent is that the values of the interests of these beneficiaries were computed in accordance with a long established practice of the department of taxation to assume that the income was payable quarterly and to add the figure .375 provided therefor in computing the value of an annuity payable quarterly, and

that this practice should have been given persuasive weight in interpreting said § 13. The rule contended for has no application here. A departmental rule or practice cannot be invoked against the plain and unambiguous terms of a statute. *Allen* v. *Commissioner of Corporations & Taxation,* 272 Mass. 502, 509. *Modern Finance Co.* v. *Holz,* 307 Mass. 281, 287. *Commissioner of Corporations & Taxation* v. *City Club Corp.* 318 Mass. 293, 297. *Haggar Co.* v. *Helvering,* 308 U. S. 389. *City Bank Farmers Trust Co.* v. *Helvering,* 313 U. S. 121.

The decree must be affirmed with interest from October 29, 1942.

*So ordered.*