JAMES L. BERLO, JR. vs. CITY OF BOSTON.

No. 09-P-1930.

Suffolk. September 16, 2010. - October 15, 2010.

Present: COHEN, GRAINGER, & MEADE, JJ.

*Statute,* Construction. *Municipal Corporations,* Fire department. *Public Employment,* Suspension. *Superior Court,* Jurisdiction.

A Superior Court judge properly granted the defendant city's motion to dismiss the plaintiff employee's complaint that sought review of a decision of a hearing board (board) of a city department, confirming the imposition of the plaintiff's suspension for one month, where, given the plaintiff's failure to appeal to the Civil Service Commission, the court lacked jurisdiction to review the board's decision. [112-114]

CIVIL ACTION commenced in the Superior Court Department on May 15, 2007.

Motions to dismiss and to reconsider were heard by *Nancy S. Holtz,* J.

*Thomas F. Feeney* for the plaintiff.

*Evan C. Ouellette,* Assistant Corporation Counsel, for the defendant.

GRAINGER, J. On March 12, 2007, the plaintiff, a captain in the city of Boston's fire department (department), tested positive for a narcotic on a random drug test administered by the department. He appeals from the dismissal by a judge of the Superior Court of his amended complaint, which sought review of a decision issued by the department's hearing board (board) confirming the imposition of a month's suspension by the department. The plaintiff contends that the judge erred in holding that the court lacked jurisdiction to review the board's decision. We affirm.

*Background.* Notwithstanding the plaintiff's receipt of written notice of the board's decision, which informed him of his right

to appeal to the Civil Service Commission (commission), the plaintiff filed a complaint in Superior Court, asserting jurisdiction to review the board's decision pursuant to G. L. c. 31, § 42.[1]

*Discussion.* Statutory terms should be given effect consistent with their ordinary meaning and with regard to the intent of the Legislature, unless doing so "would achieve an illogical result." *Sullivan* v. *Brookline*, 435 Mass. 353, 360 (2001). In addition, it is a fundamental rule of statutory construction that no part of a statute "is to be regarded as superfluous, but each is to be given its ordinary meaning . . . ." *Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.*, 352 Mass. 617, 618 (1967), quoting from *Bolster* v. *Commissioner of Corps. & Taxn.*, 319 Mass. 81, 84-85 (1946). Further, "[i]n interpreting a statute, . . . [we] must consider the entire statutory scheme by looking to the language of the statute as a whole." *Arlington Contributory Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 75 Mass. App. Ct. 437, 442 (2009). The plaintiff invoked three statutory provisions to support his application for relief directly to the Superior Court. We consider them in turn.

1. *General Laws c. 31, § 41.* General Laws c. 31, § 41, permits an appointing authority to suspend an employee for more than five days only if there is "just cause" or if the authority has secured the employee's written consent. The statute goes on to state that in order to suspend the employee for just cause, the appointing authority must meet specified procedural requirements, including written notice and a full hearing. Contrary to the plaintiff's assertion, "just cause" does not refer to the requirements imposed on the process; rather it is a separate underlying predicate for the imposition of a penalty. Otherwise stated, an appointing authority's satisfaction of all the procedural requirements listed in § 41 cannot support a result that is not also based on just cause. In this case, as an example, if it were demonstrated that another individual's test result had been

---

[1]The defendant, the city of Boston (city), filed a motion to dismiss the Superior Court action, maintaining that the court lacked jurisdiction as the plaintiff had failed to exhaust all administrative remedies by forgoing an appeal to the commission. Though the motion judge initially denied the motion, she ultimately granted the motion to dismiss on reconsideration.

mistakenly substituted for the plaintiff's, his suspension would not be for "just cause" regardless of the department's careful adherence to the notice and hearing requirements.

2. *General Laws c. 31, § 42.* General Laws c. 31, § 42, as amended through St. 1981, c. 767, § 19, first addresses a claim that the appointing authority failed to follow the "requirements" of § 41. In such a case the employee is directed to file a complaint with the commission. "Requirements" refers, as we have stated, to the procedural requirements — time deadlines, notice, and hearing — of § 41. This is demonstrated by the second paragraph of § 42 which, having dealt with the "requirements" of § 41, goes on to provide that the claimant may "*at the same time* request a hearing as to whether there was just cause for the action of the appointing authority" (emphasis added).

The plaintiff relies on language contained in the third paragraph of § 42, which confers jurisdiction in the Supreme Judicial Court or the Superior Court "over any civil action for the reinstatement of any person alleged to have been illegally discharged, removed, [or] suspended . . . ." The term "illegally discharged" refers to a failure to meet the legal requirements of § 41, which, as we have stated, are procedural in nature. These requirements do not refer to the merits of the case; they are imposed for the benefit of the culpable and blameless alike. While this third paragraph arguably provides an alternative avenue to appeal a claim of procedural irregularity, we do not address that issue because the plaintiff makes no such claim. The plaintiff's claim that he has a valid prescription from his physician for the controlled substance for which he tested positive falls squarely within the category of a challenge for lack of just cause.

3. *General Laws c. 31, § 43.* Turning to section 43 of the statute, as amended by St. 1981, c. 767, § 20, we conclude that it applies to the plaintiff's case with precision. He is "a person aggrieved by a decision[2] of an appointing authority made pursuant to section forty-one," and he must therefore "appeal in

---

[2]We note again that the statute deals separately with substance and procedure. A person who achieves a desired result from an appointing authority, even one generated pursuant to a faulty process, is not a person "aggrieved by the decision."

writing to the commission." Further resolving any possible doubt, the second paragraph of section 43 specifically refers to the commission's need to determine whether there was "just cause for an action taken against such person" in resolving an appeal under that provision. The plaintiff was required to appeal the decision "within ten days after receiving written notice of such decision." He failed to do so even though the decision itself informed him of this requirement.

To the extent that we do not address the defendant's other contentions, "they 'have not been overlooked. We find nothing in them that requires discussion.' " *Department of Rev.* v. *Ryan R.*, 62 Mass. App. Ct. 380, 389 (2004), quoting from *Commonwealth* v. *Domanski*, 332 Mass. 66, 78 (1954).[3]

*Judgment affirmed.*

---

[3]Specifically, the plaintiff alleges that the Boston fire department's hearing board is a State agency subject to the Administrative Procedure Act, G. L. c. 30A, and that the city's motion for reconsideration of the denial of the motion to dismiss was subject to the requirements of Mass.R.Civ.P. 59, 365 Mass. 827 (1974), and Mass.R.Civ.P. 60, 365 Mass. 828 (1974), which apply to final judgments.