Davenport vs. First Congregational Society.

DAVENPORT VS. FIRST CONGREGATIONAL SOCIETY.

| 33 | 387 |
| 92 | 310 |
| 33 | 387 |
| 114 | 4400 |

CONTRACTS. (1) *Mutual agreement of A. and B. to release their claims against C.; when C. may set it up.* (2) *Right of executor to release claim of estate.* (3) *Burden of proof.* (4) *Consideration.*

1. Where A. and B. have separate claims against the same debtor, an agreement by A. to donate and surrender his claim if B. will do likewise, being accepted and acted upon by B., may be set up by the debtor as a defense to an action by A. on his claim.
2. Where B. holds his claim, not in his own right but *as executor*, his agreement to release it is *prima facie* valid, and within his general power to dispose of the estate.
3. If A. insists that his agreement was without consideration because B. could not release his claim without a violation of his duty as executor, the burden is upon him to show B.'s promise illegal.
4. It is no defense to an action against an ecclesiastical society, that plaintiff had promised to surrender his claim if the society would, within a reasonable time, *pay its indebtedness* to its former pastor, and that defendant accepted the proposition, and, at a good deal of trouble and expense, raised the money and paid such indebtedness. Such agreement of plaintiff was gratuitous, and void in law.

APPEAL from the Circuit Court for *Green* County.

The complaint sets up several causes of action: 1. For moneys expended by plaintiff at the request and for the benefit of defendant, in 1867 and 1869, amounting, with interest, to $70. 2. Upon a promissory note of defendant, dated March 28, 1865, and upon which a balance of $74.30 was claimed to be due. 3. Upon an account for lumber, etc., sold by plaintiff to defendant, in 1868, upon which there is claimed to be due a balance of $161. 4. Upon another account, which became due and payable in 1872, and upon which plaintiff claimed a balance of $204.50.

The answer sets up, as a defense to the *third* cause of action, an alleged agreement between the plaintiff and one J. L. Rood, the nature of which will sufficiently appear from the first paragraph of the opinion, *infra*. As a defense to the *first three*

Davenport vs. First Congregational Society.

causes of action, it sets up a certain other agreement alleged to have been entered into between the plaintiff and the defendant, the character of which will appear from the *third* paragraph of the opinion. Evidence offered by defendant at the trial to sustain these defenses, was rejected; and the plaintiff had a verdict for $417.53. Afterwards the court, on defendant's motion, set aside the verdict, upon the ground that such evidence was improperly excluded; and from this order the plaintiff appealed.

*H. Medberry*, for appellant:

1. There was no consideration for plaintiff's agreement to donate his lumber bill. (1) J. L. Rood had no power, as executor, to make a valid surrender of the claims of the estate of L. Rood against the defendant. *Hawley v. James*, 5 Paige, 318–447. The most that an executor can do, even with insolvent debtors, is to compound with the debtor with the approbation of the judge of the county court, and give him a discharge upon receiving a fair and just dividend of his effects. R. S., ch. 100, sec. 11. (2) Even if J. L. Rood, as executor, made a valid surrender of those claims, that alone constitutes no consideration for plaintiff's promise. The best authorities hold that the *mere* subscription of one is no consideration for the promise of another. 1 Parsons on Con. (1st ed.), 378; *Limerick Academy v. Davis*, 11 Mass., 114; *Bridgewater Academy v. Gilbert*, 2 Pick., 579; *Foxcroft Academy v. Favor*, 4 Greenl., 382, and note; *Hamilton College v. Stewart*, 1 Coms., 581; *Barnes v. Perine*, 12 N. Y., 18–30; *Webb v. Stuart*, 59 Me., 356. And in all the cases where such subscriptions have been upheld, something seems to have been undertaken by the *promisee*, as to erect a building, hire a pastor, make an improvement, purchase a library, etc. See *Eycleshimer v. Van Antwerp*, 13 Wis., 546; 36 Barb., 576, 580; *Hanson v. Stetson*, 5 Pick., 506; 6 id., 427; 27 Wis., 214. 2. The alleged promise of plaintiff to defendant to surrender all claims against it in case it would pay its indebtedness to a former pastor, was clearly without consideration. *Keeler v. Bartine*, 12 Wend., 110; *Rey-*

nolds v. Ward, 5 id., 501; Dygert v. Gros, 9 Barb., 506; Hunt v. Bloomer, 5 Duer, 202; Stone v. Lannon, 6 Wis., 497.

Bennett & Sale and A. S. Douglas, contra, cited Lathrop v. Knapp, 27 Wis., 214; George v. Harris, 4 N. H., 533; Cong. Society v. Perry, 6 id., 164; State Treasurer v. Cross, 9 Vt., 289; University v. Buell, 2 id., 48; Patchin v. Swift, 21 id., 292; Troy Academy v. Nelson, 24 id., 189; Hanson v. Stetson, 5 Pick.. 506; Amherst Academy v. Cowles, 6 id., 431; Ives v. Sterling, 6 Met., 315; Watkins v. Eames, 9 Cush., 537; Mirick v. French, 2 Gray, 420; Wayne etc. Coll. Inst. v. Smith, 36 Barb., 580; Same v. Greenwood, 40 id., 72; Same v. Devinney, 43 id., 220; Same v. Blackmar, 48 N. Y., 663; Stewart v. Trustees, etc., 2 Denio, 416; Comm'rs v. Perry, 5 Ohio, 59; Johnston v. Wabash College, 2 Carter, 555; Peirce v. Ruley, 5 Ind., 69; Robertson v. March, 3 Scam., 198; McDonald v. Gray, 11 Iowa, 508; 1 Parsons on Con., 454, note (k); Metcalf on Con., 185.

COLE, J.   We are inclined to the opinion that the circuit court erred in excluding the testimony offered on the part of the defendant, by which it was proposed to prove that the plaintiff agreed, at a meeting of the trustees, to donate his bill for lumber to the defendant, on condition that J. L. Rood, executor of the estate of L. Rood, would donate and surrender the claim which the estate had against the defendant; that this proposition was accepted by the executor and the defendant; and that Rood, as executor, did then and there release and discharge the claim which the estate held against the defendant, before this proposition was withdrawn.   Now it is insisted on the part of the plaintiff, that there was no consideration whatever for his agreement to donate to the defendant his bill for lumber, and that his agreement, under the circumstances, was a mere nudum pactum, and void.

It seems to us, however, that if the facts offered to be proven should be established, the plaintiff would not be permitted to recover of the defendant his lumber bill.   For the law is well

settled, that if, on the faith of a creditor's agreement to accept a part of his debt in full satisfaction, other creditors are induced to relinquish their demands on the debtor, the creditor who thus agrees cannot recover the balance of his debt, as it would be a fraud on the other creditors. We can not see why this principle of law is not strictly applicable to the case before us, because we must assume that the executor relinquished the claim of the estate against the defendant solely on the faith of the plaintiff's promise to release the defendant from his claim for lumber. If he did, it would be contrary to good faith to allow the plaintiff now to recover that debt of the defendant. But, it was further objected, that, J. L. Rood had no legal right, as executor, to make a valid surrender of the claim of the estate to the defendant, and that the transaction was a breach of duty as executor, and will not support a promise. We can not, however, assume that the executor has been acting in violation of his trust, and to the injury and loss of persons interested in the due administration of the assets. *Prima facie* the release of the executor is valid, and comes fully within his general power to dispose of the effects of the estate. For aught that appears, there may be no creditor or legatee to complain of this disposition of the debt against the defendant; or the executor may be abundantly able to make it good to the estate out of his own property. And until it is made to appear that the executor, by releasing the debt due the estate, has been wasting and misapplying the assets in violation of his duty in that regard, we can not assume that the consideration of plaintiff's promise was the doing of an illegal act by the executor. We must presume, on the offer, that the agreement which was made was a valid undertaking, supported by a sufficient legal consideration, each creditor relinquishing his debt against the defendant, upon the faith that the other would do the same.

We do not think that there was any error in excluding the other evidence offered. It was proposed to show that the plaintiff agreed to surrender and discharge all his debts against

the defendant, providing the defendant would, within a reasonable time, pay its indebtedness to its former pastor; and that the defendant accepted the proposition, and, at a good deal of trouble and expense, raised money and discharged that indebtedness. The only consideration for plaintiff's promise, upon these facts, was the payment by the defendant of a debt justly due. It might cause the defendant some trouble and inconvenience to pay its debts, but we are not aware of any principle of law which would make such payment alone a sufficient consideration for a promise on the part of its creditor to relinquish his claim. Even if the payment had been made to the plaintiff himself of a part of an admitted debt, this alone would not support a promise on his part to accept such payment in satisfaction of the whole. *Otto v. Klauber*, 23 Wis., 472. The plaintiff's undertaking, as set forth in the second offer, was a mere gratuitous engagement, and void at law.

For the error first noticed, we think the court properly set aside the verdict and granted a new trial; and the order appealed from must be affirmed.

*By the Court.*—Order affirmed.