CALEB LADD *vs.* GEORGE WHITNEY.

Middlesex.    Jan. 14. — Feb. 13, 1875.    AMES & ENDICOTT, JJ., absent.

A testatrix devised all her estate, both real and personal, to her husband, " to have and to hold the same to him and his heirs and assigns, and all the grandchildren severally equal shares with the heirs." *Held,* that the husband took an estate in fee ; and that he could maintain a bill in equity for specific performance against one who had agreed to buy the land devised, and to whom he had agreed to convey it " by deed of warranty and free from all incumbrances." .

BILL IN EQUITY for the specific performance of a written agreement by which the defendant agreed to purchase a parcel of land in Watertown, and the plaintiff agreed to sell and convey it to him " by deed of warranty and free from all incumbrances."

The answer set up in defence that the lot in question was formerly owned by the wife of the plaintiff who died seised of the same, and that the plaintiff derived his title from the will of his wife, which was as follows :

" I give, devise and bequeath all the property and estate of every kind and description, real and personal, of which I shall die seised, possessed and in any way entitled and wheresoever situated, to my husband, Caleb Ladd. To have and to hold the same to him and his heirs and assigns, and all the grandchildren severally equal shares with the heirs."

The cause was heard on bill and answer by *Devens, J.,* who reserved the case for the consideration of the full court.

*H. C. Hutchins & A. S. Wheeler,* for the plaintiff.

*C. Wheeler,* for the defendant.

WELLS, J. The will contains a devise of a fee to Caleb Ladd in distinct, appropriate and unambiguous terms. There is nothing in the subsequent words to indicate a purpose to cut down his

interest to a life estate. The mention of grandchildren as taking equal shares with the heirs, does not necessarily indicate that they are to take in remainder as purchasers. It may have been prompted by a doubt whether issue of deceased children would otherwise take as heirs with surviving children. However that may be, the added words, if not senseless, are too obscure and too incapable of reduction to certainty to be allowed to control the whole construction of the will. To give them any effect would require that the previous explicit and technical words in which the testatrix expressed her primary purpose should be deprived of their legitimate and universally recognized import. *Gifford* v. *Choate*, 100 Mass. 343.

In the opinion of the court there is not such doubt of the right and capacity of the plaintiff to convey a good title in fee as to justify the defendant in refusing to accept his deed.

*Decree for the plaintiff.*