## MARY D. BARRETT *vs.* JULIA M. MARSH.

Suffolk.   Nov. 19, 1878. — Jan. 28, 1879.   COLT & MORTON, JJ., absent.

The will of a testator, whose wife and two daughters survived him, and whose real estate consisted of a parcel of land containing about 25,000 square feet, on which was a house, which he had long occupied as his home, contained the following provisions: "1. I give my wife all the furniture and house situated in B. 2. I give my wife one half of my other real and personal estate. 3. It is my desire that the other half should be divided equally between my two daughters. 4. I wish my wife and daughters to receive an income from all my real and personal estate during their natural lives after they have got their portions. 5. I wish my wife when she dies to give her property and money to my daughters. 6. It is my desire that my property of whatever kind should, after the decease of my wife and daughters, descend to the children of my daughters respectively if they are married." The wife of the testator never conveyed said real estate, or any part thereof, and, by her will, gave the residue of her estate, which included the land in question, to her two daughters equally. *Held*, that the devise in the first clause of the will of the testator was sufficient to convey a title in fee to the house and the land belonging to it; that, even if any portion of the land did not pass by this clause, the second and third clauses of the will would vest in the widow in fee one half of all his real estate not included in the first clause, and the other half in the two daughters of the testator, also in fee; that this fee was not qualified or rendered subject to a trust by the subsequent clauses of the will; and that the two daughters, by the will of their father and that of their mother, became owners in fee, as tenants in common, of the real estate.

BILL IN EQUITY, filed July 19, 1878, for specific performance of an agreement, signed by the plaintiff and the defendant, whereby the plaintiff agreed to sell and the defendant to buy an undivided half part of a certain parcel of land in that part of Boston formerly Brighton, containing about 25,000 square feet, the land to be conveyed in fee, free from all incumbrances, by a warranty deed, for the sum of $4000, of which $1000 was to be paid in cash, and for the remainder the defendant was to give her promissory note, payable in three years, and secured by a mortgage on the land.

The bill alleged a tender of the deed, duly executed, to the defendant, and a refusal by her to accept the same, on the pretext that the plaintiff had not an estate in fee in the land.

The bill also alleged, that the deed would give the defendant a good title free from all incumbrances; that the premises described in the agreement and deed were the same of which Charles Barrett, in April 1862, died seised and possessed, leaving no other real estate or interest in real estate except certain mortgages which he held, and leaving as his only issue two daughters, the plaintiff and the defendant, and also leaving a widow, Abby B. Barrett; that Charles Barrett at the time of his death resided, and for some years before had resided, in the house on said land, and all of said land at the time of his death was used, and for some years before had been used, as a part of his home; that his last will, dated in August 1853, which was duly proved and allowed on June 10, 1862, contained the following provisions:

"1. I Chs Barrett give my beloved wife Abby B. Barrett all the furniture and house situated in Brighton.

"2. I C. Barrett give my beloved wife A. B. Barrett one half of my own other real and personal estate.

"3. It is my desire that the other half should be divided equally between my two beloved daughters Julia Maria Barrett and Mary Darracott Barrett.

"4. I Cha. Barrett wish my beloved wife and daughters to receive an income from all my real and personal estate during their natural lives after they have got their portions.

"5. I C. Barrett wish my beloved wife when she dies to give her property and money to my daughters.

"6. It is my desire that my property of whatever kind should, after the decease of my wife and daughters, descend to the children of my daughters respectively if they are married."

The bill also alleged that, on November 24, 1877, Abby B. Barrett died, not having been married again, and not having conveyed said land, leaving, as her only issue, her two daughters, the plaintiff and the defendant; that by her last will, duly approved and allowed on December 17, 1877, she left all the residue of her property real and personal, including the land in question, to her two daughters, to be equally divided between them; that,

by virtue of the above wills, the plaintiff became seised and pos
sessed in fee of one undivided half part of said land and the
buildings thereon.

The answer admitted the truth of the facts alleged in the bill;
and denied that the plaintiff was seised in fee of one undivided
half part of said land.

The case was heard by *Ames,* J., on the bill and answer, and
reserved for the consideration of the full court.

*J. H. Bradley,* for the plaintiff.

*J. D. Ball,* for the defendant.

AMES, J. It is easy to see that the will of Charles Barrett, upon
which the rights of these parties depend, was not the work of an
accomplished conveyancer. To some portions of it, it is not easy
to attach any definite meaning. But the intent of the testator,
as gathered from the will taken as a whole, furnishes the true
rule for its construction. *Gifford* v. *Choate,* 100 Mass. 343. How-
ever awkwardly expressed, we think that intent is sufficiently
certain to be carried into effect.

The first clause in the will contains a devise of " the house
situated in Brighton" to Abby B. Barrett, and this devise is
expressed in terms which in the construction of wills have
always been considered sufficient to convey a title in fee. There
can be no doubt that a devise or conveyance of a house passes
as incidental to the grant the land belonging to it, used with it,
and essential to its use and enjoyment. But if there can be
any room to suppose that a narrower construction is to be ap-
plied, and that any portion of the house lot was not included
in that clause, the second and third clauses of the will would
operate to vest in Abby B. Barrett, in fee, one half of all real
estate of the testator not included in the first clause, and the
other half in the two daughters of the testator, also in fee. In
either event, and upon either construction of these three clauses,
the two daughters, under the will of the father and that of the
mother, would be the owners in fee, as tenants in common,
of the house in Brighton and the entire lot of land described
in the bill, unless the subsequent clauses require a different
construction

It is insisted on the part of the defendant that the devises con-
tained in the previous clauses are qualified by the fourth and also

by the sixth. But we find nothing in the fourth in conflict with those that precede it, and, it may be added, very little that is really distinct and intelligible. With regard to the fifth and sixth clauses, it may be enough to say that it is not every expres-sion of a wish in the interpretation of a will that is to be con strued as a command, or as the creation of a trust. In order to have such an effect, it must appear that the words used were intended by the testator to be imperative. The previous clause gave the property absolutely and without restriction, and a trust is not lightly to be imposed, upon mere words of recommenda-tion and confidence. *Hess* v. *Singler*, 114 Mass. 56. 1 Perry on Trusts, § 115. 2 Story Eq. Jur. § 1070. The fifth clause merely. expresses a wish that the testator's widow, at her death, shall make an equal division of her estate among the children, but does not purport to give them any legal or equitable estate. It looks to a disposition to be made by her at her death. *Sears* v. *Cunningham*, 122 Mass. 538. A general intent, clearly expressed in a will, is not to be defeated by the addition of equivocal lan-guage, or expressions of doubtful or uncertain meaning. *Wil-liams* v. *Bradley*, 3 Allen, 270. To give to the sixth clause the effect contended for by the defendant would require that the terms in which the testator had expressed his primary purpose should be deprived of their legitimate and universally recog-nized import. *Ladd* v. *Whitney*, 117 Mass. 201.

From this view of the case, it follows that there must be a

*Decree for the plaintiff.*