LEWIS F. F. ABBOTT *vs.* VALENTINE DOANE, JR.

Suffolk.    March 14, 1895. — April 6, 1895.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Promissory Note — Consideration.*

If A. has refused or hesitated to perform an agreement with B. and is requested so to do by C., who will derive a benefit from such performance and who promises to pay him a certain sum therefor, and A. thereupon undertakes to do it, the performance by A. of his agreement in consequence of such request and promise by C. is a good consideration to support C.'s promise.

CONTRACT, upon a promissory note for $500, dated December 27, 1892, payable in three months after date to the order of the plaintiff, and signed by the defendant. The answer set up want of consideration. At the trial in the Superior Court, before *Bond*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*W. B. French*, for the defendant.

*H. L. Parker, Jr.*, for the plaintiff.

ALLEN, J. The plaintiff had given his accommodation note to a corporation, which had had it discounted at a bank, and left it unpaid at its maturity. The defendant, being a stockholder, director, and creditor of the corporation, wishing to have the note paid at once for his own advantage, entered into an agreement with the plaintiff whereby he was to give to the plaintiff his own note for the amount, and the plaintiff was to furnish money to enable the defendant to take up the note at the bank. This agreement was carried out, and the defendant now contends that his note to the plaintiff was without consideration, because the plaintiff was already bound in law to take up the note at the bank.

It is possible that, for one reason or another, both the bank and the plaintiff may have been willing to wait a while, but that the defendant's interests were imperilled by a delay, and indeed required that the note should be paid at once, and that the corporation, whose duty it was primarily to pay it, was without present means to do so. Since the defendant was sane, *sui juris*, was not imposed upon nor under duress, knew what he was about, and probably acted for his own advantage, it would certainly be unfortunate if the rules of law required us to hold his note invalid for want of a sufficient consideration, when he has had all the benefit that he expected to get from it.

In this Commonwealth it was long ago decided that, even between the original parties to a building contract, if after having done a part of the work the builder refused to proceed, but afterwards, on being promised more pay by the owner, went on and finished the building, he might recover the whole sum so promised. *Munroe* v. *Perkins*, 9 Pick. 298. See also *Holmes* v. *Doane*, 9 Cush. 135; *Peck* v. *Requa*, 13 Gray, 407; *Rogers* v

*Rogers*, 139 Mass. 440; *Hastings* v. *Lovejoy*, 140 Mass. 261, 265; *Thomas* v. *Barnes*, 156 Mass. 581. In other States there is a difference of judicial opinion, but the following cases sanction a similar doctrine. *Lattimore* v. *Harsen*, 14 Johns. 330. *Stewart* v. *Keteltas*, 36 N. Y. 388. *Lawrence* v. *Davey*, 28 Vt. 264. *Osborne* v. *O'Reilly*, 15 Stew. 467. *Goebel* v. *Linn*, 47 Mich. 489. *Cooke* v. *Murphy*, 70 Ill. 96. In England and in others of the United States a different rule prevails.

But when one who is unwilling or hesitating to go on and perform a contract which proves a hard one for him, is requested to do so by a third person who is interested in such performance, though having no legal way of compelling it, or of recovering damages for a breach, and who accordingly makes an independent promise to pay a sum of money for such performance, the reasons for holding him bound to such payment are stronger than where an additional sum is promised by the party to the original contract.

Take an illustration. A. enters into a contract with B. to do something. It may be to pay money, to render service, or to sell land or goods for a price. The contract may be not especially for the benefit of B., but rather for the benefit of others; as, e. g., to erect a monument, an archway, a memorial of some kind, or to paint a picture to be placed where it can be seen by the public. The consideration moving from B. may be executed or executory; it may be money, or anything else in law deemed valuable; it may be of slight value as compared with what A. has contracted to do. Now A. is legally bound only to B., and if he breaks his contract nobody but B. can recover damages, and those damages may be slight. They may even be already liquidated at a small sum by the terms of the contract itself. Though A. is legally bound, the motive to perform the contract may be slight. If after A. has refused to go on with his undertaking, or while he is hesitating whether to perform it or submit to such damages as B. may be entitled to recover, other persons interested in having the contract performed intervene, and enter into a new agreement with A., by which A. agrees to do that which he was already bound by his contract with B. to do, and they agree jointly or severally to pay him a certain sum of money, and give their note or notes therefor, and A. accordingly

does what he had before agreed to do, but what perhaps he might not otherwise have done, no good reason is perceived why they should not be held to fulfil their promise. They have got what they bargained for, and A. has done what otherwise he might not have done, and what they could not have compelled him to do.

This has been so held in England, and the view is supported by English text-writers, though not always for precisely the same reasons. *Scotson* v. *Pegg*, 6 H. & N. 295. *Shadwell* v. *Shadwell*, 30 L. J. (N. S.) C. P. 145. Pollock, Con. (6th ed.) 175–177. Anson, Con. (4th ed.) 87, 88. Leake, Con. (3d ed.) 540. In this country the courts of several States have taken the opposite view, though in some instances the cases referred to as so holding, when examined, do not necessarily lead to that result. These cases are collected in the defendant's brief,* and in Williston's discussion of the subject in 8 Harv. Law Rev. 27.

Without dwelling further on the reasons for the doctrine, it seems to us better to hold, as a general rule, that if A. has refused or hesitated to perform an agreement with B., and is requested to do so by C., who will derive a benefit from such performance, and who promises to pay him a certain sum therefor, and A. thereupon undertakes to do it, the performance by A. of his agreement in consequence of such request and promise by C. is a good consideration to support C.'s promise.

*Exceptions overruled.*

---

\* The American cases cited by the defendant are *Richardson* v. *Williams*, 49 Maine, 558; *Putnam* v. *Woodbury*, 68 Maine, 58; *Ellison* v. *Jackson Water Co.* 12 Cal. 542; *Ritenour* v. *Mathews*, 42 Ind. 7; *Gordon* v. *Gordon*, 56 N. H. 170; *Havana Press Drill Co.* v. *Ashurst*, 148 Ill. 115; *In re Goddard's estate*, 29 Atl. Rep. 634; *Baker* v. *Wahrmund*, 5 Tex. Civil App. 268; *Ford* v. *Gar-ner*, 15 Ind. 298; *Reynolds* v. *Nugent*, 25 Ind. 328; *Brownlee* v. *Lowe*, 117 Ind. 420; *Newton* v. *Chicago, Rock Island, & Pacific Railway*, 66 Iowa, 422; *Vanderbilt* v. *Schreyer*, 91 N. Y. 392; *Seybolt* v. *New York, Lake Erie, & Western Railroad*, 95 N. Y. 562; *Robinson* v. *Jewett*, 116 N. Y. 40; *Sherwin* v. *Brigham*, 39 Ohio St. 137; *Wimer* v. *Worth Township*, 104 Penn. St. 317; *Johnson* v. *Sellers*, 33 Ala. 265; *Schuler* v. *Myton*, 48 Kans. 282 ; *L'Amoreux* v. *Gould*, 3 Seld. 349 ; *Merrick* v. *Giddings*, 1 Mackey, 394; *Davenport* v. *First Congregational Society*, 33 Wis. 387.