GEORGE HOAGUE & another, trustees, *vs.* ARTHUR
P. STANLEY & others.

Norfolk.   January 17, 1927. — April 6, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Devise and Legacy.   Words,* "Give," "Rest, residue and remainder."

Upon a petition for instructions by trustees under a will, it appeared that
the testator made the will in 1883 and died in 1909.   There was nothing
to show the value of the testator's estate in 1883.   By a second clause
of the will, the testator provided, "I give to my wife . . . the use, in-
come and improvement of my homestead estate . . . without the in-
tervention of a trustee during her life," and authorized her, without
first procuring a license from any court, to sell portions thereof when
in her sole judgment she found it necessary so to do for her comfort,
support and maintenance, except that the house, stable and ten acres
adjoining them, to be set off as she determined, were not to be sold, but
on her death were to "become a part of my residuary estate and pass
under the residuary clause of this will."   A third clause provided:
"I give my dear wife . . . one-half part of the rest, residue and re-
mainder of my estate, but if the cash value of said residue of my estate
at my death shall not amount to fifty thousand dollars, I give her
twenty-five thousand dollars, in cash or its equivalent in cash, as she
shall elect; the same to be paid to her as of the date of my death."   A
seventh clause provided, "All the rest, residue and remainder of my
estate, real and personal, I give bequeath and devise to" designated
trustees to pay the income "to my wife during her life, and upon her
death, to transfer and convey all the said trust estate to my then heirs-
at-law, said heirs to take as by right of representation."   The home-
stead estate had comprised about sixty-eight acres.   The widow, dur-
ing her life, sold all but thirty-nine acres, upon which stood the house
and stable.   The personal property of the testator, amounting to
about $197,000, had been divided between the widow and the trustees.
The widow had died.   *Held,* that

  (1) The gift to the widow of a life estate in the homestead property
was not inconsistent with nor repugnant to her also having a remainder
in one half of the real estate unsold at her death, including the desig-
nated ten acres;

  (2) The gift in the third clause of the will was sufficient to include a
devise of one half the entire residue of the estate, real as well as personal,
the word "give" in the circumstances being adequate for this purpose
without the use of the word "devise";

  (3) There was nothing in the seventh clause to indicate that the
testator intended to modify the absolute gift of one half the real estate

which he had previously disposed of by gift to his wife in the third clause: the words "rest, residue and remainder" in the seventh clause meant that part of the estate, real and personal, which remained and had not been disposed of by the earlier provisions of his will;

(4) The heirs of the wife were entitled to one half of the real estate of the testator remaining at her death.

PETITION, filed in the Probate Court for the county of Norfolk on March 5, 1926, by trustees under the will of Joseph F. Wight, late of Wellesley, for instructions.

There was a hearing in the Probate Court by *McCoole,* J. Material facts are stated in the opinion. By order of the judge, a decree was entered, including the following paragraphs:

"3. Under paragraph two [of the will of Joseph F. Wight] neither Martha Louise Wight nor her heirs at law or devisees were vested with or entitled to any interest in the remainder of the 'homestead estate.'

"4. Under paragraph two said ten acre strip became part of the residuary estate to be disposed of as provided in paragraph seven of said will.

"5. Under paragraph three Martha Louise Wight acquired no interest whatsoever in the 'homestead estate.'

"6. The testator intended paragraph seven and not paragraph three to be the residuary clause and the court so construes the same.

"7. Upon the death of Martha Louise Wight all of said 'homestead estate' in said Wellesley not disposed of under the power given said Martha Louise Wight in paragraph two became vested in the Trustees under said will of Joseph F. Wight.

"8. The trustees are ordered to convey the remainder of said 'homestead estate' not disposed of by Martha Louise Wight during her lifetime under the power given her in paragraph two to the heirs at law of Joseph F. Wight in accordance with the provision contained in paragraph seven."

Arthur P. Stanley, heir at law of Martha L. Wight, appealed.

*H. Williams, Jr.,* for Arthur P. Stanley, respondent, appellant.

S. *Vaughan,* (*R. F. Wight* with him,) for the respondents, heirs at law of Joseph F. Wight, appellees.

CROSBY, J.   This is a petition brought by trustees under the will of Joseph F. Wight for instructions as to the disposition of certain real estate.   The testator died September 10, 1909, leaving a widow, Martha L. Wight, but no lineal descendants.   The will and a codicil were duly admitted to probate.

By the second clause of the will, he provided: "I give to my wife, Martha, the use income and improvement of my homestead estate in Wellesley, without the intervention of a trustee during her life."   The second clause also provided as follows: "And I authorize and empower my wife, if she finds it necessary for her comfortable support and maintenance, of which necessity she is to be the sole judge, to sell for that purpose such parts of the real estate contained in my said homestead estate as she deems best; *except* and provided, however, that she is not to sell the house and stable and land under and adjacent thereto, to the extent of ten acres, my wife to determine the limits and boundaries of said ten acres.   It being my will that an estate of about ten acres, including therein my house and stable, shall upon the death of my wife become a part of my residuary estate and pass under the residuary clause of this will.   I further authorize and empower my wife to sell land under this section of my will without applying to any court for a license therefor, and to give good and sufficient deeds to the purchasers thereof."   The homestead estate at the time of the death of the testator consisted of about sixty-eight acres with the buildings thereon.

The third clause of the will reads: "I give my dear wife Martha one-half part of the rest, residue and remainder of my estate, but if the cash value of said residue of my estate at my death shall not amount to fifty thousand dollars, I give her twenty-five thousand dollars, in cash or its equivalent in cash, as she shall elect; the same to be paid to her as of the date of my death."   The fourth, fifth and sixth clauses are specific legacies and relate to sums to be expended for a monument and for the care of burial lots in two cemeteries.

The seventh clause is as follows: "All the rest, residue and remainder of my estate, real and personal, I give bequeath and devise to my brother Lewis Wight of said Wellesley, and my brother Almon Wight of Boston, in the county of Suffolk, but in trust nevertheless, for the following uses and purposes, viz.: to pay the net income thereof in semi-annual payments to my wife during her life, and upon her death, to transfer and convey all the said trust estate to my then heirs-at-law, said heirs to take as by right of representation." The codicil made a change as to one of the trustees, and authorized them to sell any real or personal estate by public or private sale "provided, however, that my homestead estate shall not be sold during the life of my wife without her consent and desire." The personal estate has been administered, one half thereof, amounting to $97,885.08, being distributed to the widow, and a like amount to the trustees.

Martha L. Wight died testate on January 17, 1926. By the third clause of her will she gave all the rest, residue and remainder of her estate to her heirs at law to be ascertained as of the date of her death. At the time of her decease about thirty-seven acres of the homestead estate, including the ten acres upon which stood the house and stable, remained unsold. The question is: Who is entitled to the reversion in the real estate after the termination of the life estate by the death of Mrs. Wight?

The gift of a life estate is not inconsistent with nor repugnant to a remainder to a life tenant of the same property. *Rotch* v. *Rotch*, 173 Mass. 125, 130. *Cushman* v. *Arnold*, 185 Mass. 165, 169. *Hedge* v. *State Street Trust Co.* 251 Mass. 410, 413. *Crowell* v. *Chapman*, 257 Mass. 492, 498. Under the third clause of the will the gift is sufficient to include a devise of one half the entire residue of the estate, real as well as personal; and the word "give" in this clause is adequate for this purpose without the use of the word "devise." The circumstance that the latter word was omitted does not show an intention to limit the gift to personal property. *Houghton* v. *Hapgood*, 13 Pick. 154. *Laing* v. *Barbour*, 119 Mass 523. *Dann* v. *Canfield*, 197 Mass. 591, 595.

The provision in the third clause that, if the cash value of the residue of the estate at the time of the testator's death did not amount to $50,000, his wife was to receive $25,000 in cash or its equivalent cannot be construed merely as a disposition of personal property. There is nothing to show the value of the testator's estate in 1883 when the will was made. It is certain, however, that he intended that, if the entire estate, real and personal, was less than $50,000 in value, she should have at least $25,000 in cash or its equivalent, even if thereby she received more than one half of the residue. In the second clause the testator used the word "give" in disposing of real estate, and there is nothing to indicate that he used the same word in a different sense in the third clause. The payment provided for in the third clause to be made at the election of Mrs. Wight, "as of the date of my death," related only to the provision for the payment of $25,000 in case the value of the residue at that time was less than $50,000, and it cannot properly be construed as intending to limit the preceding express residuary gift of one half of the residue of the estate. *Houghton* v. *Hapgood, supra. Laing* v. *Barbour, supra.* "Where a testator first makes a gift in terms which clearly confer a vested interest, the addition of equivocal expressions of a contrary tendency will not suspend the bequest, or prevent it from taking effect absolutely." *Williams* v. *Bradley,* 3 Allen, 270, 282. *Barrett* v. *Marsh,* 126 Mass. 213. *Tibbetts* v. *Tomkinson,* 217 Mass. 244, 252. The clear language of the testator expressed in the third clause shows an intention on his part to give his wife one half the residue of his estate both real and personal.

This construction is not inconsistent with the seventh clause. One half of the residue of the real estate was undisposed of by the third clause, but was devised under the seventh clause to trustees for the purposes therein declared. There is nothing in the seventh clause to indicate that the testator intended to modify the absolute gift of one half the real estate which he had previously disposed of by gift to his wife in the third clause. In other words, "rest, residue and remainder," referred to in the seventh clause, meant that part of the estate, real and personal, which remained

and had not been disposed of by the earlier provisions of his will.   The seventh clause has no reference to the one half of the real estate which the testator had already devised to his wife.   For the reasons stated, there is no inconsistency between the third and seventh clauses, nor is there anything in the seventh clause to prevent the third being given full effect.

The decree of the Probate Court is reversed and a decree is to be entered instructing the petitioners that the heirs at law of Martha L. Wight are entitled to one half the real estate of Joseph F. Wight under the third clause of his will. Costs as between solicitor and client may be awarded out of the assets of the estate in the discretion of the Probate Court.

*Ordered accordingly.*