DAVID FIENBERG *vs.* ROSE ADELMAN, administratrix.

Suffolk.    March 15, 1927. — May 24, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* Consideration.

The provisions of a lease of a store gave the lessor a right to enter the leased premises and to "make repairs and alterations if he should elect so to do." During the term of the lease, the lessor desired to put in steam and water pipes extending from the basement through the lessee's store to the floor above. The lessee objected and thereupon the lessor, upon the lessee's withdrawing his objection, agreed in writing, but not under seal, to give the lessee an option of extension of the lease at the same rent for five years after its expiration. The lessor died and the administrator of his estate refused to make the extension, and the lessee sought specific performance of the agreement by a petition in equity in the Probate Court. The judge found that there was no evidence that the new agreement was in settlement of any dispute as to whether the proposed alterations were reasonable within the terms of the lease, and that nothing of value moved from the lessee to the lessor. The bill was dismissed. *Held,* that

(1) There was no consideration for the lessor's promise, following *Torrey* v. *Adams,* 254 Mass. 22;

(2) *Peck* v. *Requa,* 13 Gray, 407, and *Abbott* v. *Doane,* 163 Mass. 433, distinguished;

(3) The petition properly was dismissed.

BILL IN EQUITY, filed in the Probate Court for the county of Suffolk on July 3, 1926, against the administratrix of the estate of Aaron Adelman for specific performance of an agreement in writing not under seal described in the opinion.

In the Probate Court, the suit was heard by Dolan, J., a stenographer having been appointed under G. L. c. 215, § 18, to take the evidence. Material facts found by the judge are stated in the opinion. By order of the judge a decree was entered dismissing the petition. The petitioner appealed.

*E. Greenhood,* for the petitioner.

*P. A. Hendrick,* for the respondent, submitted a brief.

CARROLL, J.    The petitioner and the respondent's intestate were lessee and lessor respectively of a store at No. 1045 Washington Street, Boston, for a term of five years from

July 1, 1921. On March 15, 1923, the lessor promised in writing "to give to Mr. D. Fienberg an option on store at 1045 Washington Street, when the present lease expires at the same rental ($2400) a year for five years after the old lease expires." The petition by the lessee is to enforce specific performance of the option. According to the plaintiff's testimony, in March, 1923, the lessor desired to put in steam and water pipes extending from the basement through the plaintiff's store to the floor above; that the plaintiff objected to this; that it was agreed the lessor would give the extension if the plaintiff would withdraw his objection, which he did.

The defendant contended that there was no consideration for the option for the extension of the lease. The plaintiff relies on the principle that, if a party who agrees to do certain work refuses to perform, and the other party to secure the fulfilment of the contract, instead of relying on the right to collect damages, agrees to pay an additional sum for the completion of the contract, the new promise is founded on a consideration. *Peck* v. *Requa*, 13 Gray, 407. *Abbott* v. *Doane*, 163 Mass. 433, 434. This rule, as pointed out in *Parrot* v. *Mexican Central Railway*, 207 Mass. 184, 195, rests upon the doctrine that under these circumstances there is a new consideration for the promise. It is recognized, however, that this principle should not be extended.

The lease gave the lessor a right to enter the leased premises and to "make repairs and alterations if he should elect so to do." The lessee testified that he did not know that the lessor had this right, that no mention was made of it by the lessor. The judge found there was no evidence that the new agreement was in settlement of any dispute as to whether the proposed alterations were reasonable within the terms of the lease; that the lessor was not left merely to the recovery of damages upon the lessee's refusal, that he could have entered and the lessee could not have prevented him; that the lessor could have insisted upon compliance without interfering with the contract of lease and could have enforced the provision in the lease, and would not be left to damages only; that "No affirmative action was procured of

the lessee . . . [there] was not a substitution of a new contract for the old. The lessor did not procure the performance of any work by the petitioner but only the right which he already had, to enter and do certain things himself . . . a right of the lessor which he had expressly reserved"; and finally, that nothing of value moved from the lessee to the lessor.

Under these decisive findings of fact the rule of *Peck* v. *Requa, supra,* and *Abbott* v. *Doane, supra,* finds no application. There was no consideration for the lessor's promise. The original contract was not given up or waived. No new contract for the existing term was made. The lessor and the lessee continued to recognize the contract originally made as existing. It was not changed or altered. The lease continued in force under its original terms, and the plaintiff continued to occupy under it. The case is governed by *Torrey* v. *Adams,* 254 Mass. 22, 27, 28.

Decree dismissing the petition affirmed.

*Ordered accordingly.*