HYMAN M. BRISKIN *vs.* PACKARD MOTOR CAR COMPANY OF NEW YORK.

Hampden.   September 19, 1929. — December 16, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Contract,* Consideration.

The vendor of a motor vehicle by a contract of conditional sale transferred the contract, a note of the vendee therein referred to and all his rights thereunder to a finance corporation. Thereafter the vendee complained to the vendor of breach of promises and representations which had been made by the vendor's agents before the sale but by which the vendor was not bound under the provisions of the contract of sale, and the vendor agreed as follows: "the car will be put up in perfect shape, and you keep the car and continue your payments," and "promised" that the car would "work right, and . . . will be a car the way . . . [the vendor's agents had] represented" to the vendee. The vendee thereafter promised the vendor to continue his payments and thereafter completed them. The vendor did not perform his promise to make the car "right." In an action by the vendee against the vendor upon the promise to make the car "right," the defendant contended that there was no consideration for such promise moving from the vendee. A motion that a verdict be ordered for the defendant was denied and there was a verdict for the plaintiff. *Held,* that,

(1) The vendor, after he had transferred his rights under the conditional sale contract to the finance corporation, still had an economic interest in having the notes which he had sold or assigned paid when due to the holder, and received a benefit from the vendee's promise to perform his contractual duty to pay his note to the holder and otherwise to perform the obligations imposed on him by the conditional sale contract;

(2) There was consideration for the promise of the vendor moving from the vendee which was sufficient to make a binding contract, without considering whether there was also a detriment to the vendee.

No prejudicial error resulted to the defendant in the action above described in the refusal by the trial judge of a request for a ruling that the "conditional sale agreement was a binding contract, and the plaintiff had no legal defence to liability on the note or notes he signed."

CONTRACT. Writ dated October 19, 1927.

The original declaration contained one count, based on warranties described in the opinion, made to the plain-

tiff at the time the defendant sold to him an automobile. By an amendment, a second count was added declaring on the agreement made on April 30, 1926, after the sale, in the circumstances described in the opinion.

The action was tried before *Callahan*, J. During the trial and after the introduction in evidence of the contract of conditional sale described in the opinion, the judge "stated that there could be no recovery on the first count, and that the case would proceed on that theory, to which the plaintiff's counsel assented."

Other material evidence is stated in the opinion. The defendant moved that a verdict be ordered in its favor and, that motion being denied, made requests for rulings.

The bill of exceptions states: "The only requests now relied on are 2 and 3, the exceptions to the others being waived. The only ground relied on under the motion for a directed verdict is that the contract set forth in count 2 was without consideration, and that accordingly there can be no recovery thereon, or in effect the same as is contained in request 2." Requests two and three are stated in the opinion.

There was a verdict for the plaintiff in the sum of $1,000. The defendant alleged exceptions.

The exceptions, in the absence of *Callahan*, J., were allowed by *Dillon*, J., under G. L. c. 231, § 115, as amended by St. 1923, c. 5.

*W. G. Brownson*, for the defendant.

*E. S. Searle*, for the plaintiff.

PIERCE, J. This is an action of contract to recover damages for breach of an agreement alleged to have been made between the plaintiff and the defendant's manager. The defendant makes no question as to the authority of its manager. At the conclusion of the evidence, the defendant made a motion in writing for a directed verdict in its favor, which was refused and the defendant excepted. It also excepted to the refusal of the judge to instruct the jury: "2. If such a contract was made it was without consideration, and therefore ineffectual"; and "3. The conditional sale agreement was a binding contract, and the plaintiff had

no legal defence to liability on the note or notes he signed."
No exception was taken to the charge, and the jury returned
a verdict for the plaintiff. No question of pleading is shown
to have been raised at the trial.

The contention that there was no consideration for the
contract is the principal one for determination. All the
material evidence is reported and, in substance, is as follows:
In January, 1926, the plaintiff bought an automobile of the
defendant, induced so to do by certain false representations
of its salesman. Among others not here material, these
representations were to the effect that the car would run
eighteen miles on a gallon of gasoline and two hundred and
fifty miles on one quart of oil; that the oil would need to be
changed only once every twenty-five hundred miles of travel
and that the automobile would run one hundred thousand
miles without any engine trouble. The car was delivered
April 30, 1926, after the plaintiff had signed a conditional
bill of sale and a note for $1,281.60 payable to "Bearer" "at
The Pennsylvania Company for Insurance on Lives and
Granting Annuities, Philadelphia." Both the contract of
conditional sale and the note attached to it were dated April
30, 1926. There was also in evidence a contract of sale signed
by the plaintiff and defendant and dated April 12, 1926. It
contained the provision that."No person has any authority
to make any oral statement or representation to bind the
seller; and all such, if any, pertaining to this purchase, not
specified herein, are waived." The conditional sale contract
provided: "4. This writing constitutes the entire contract
between the parties, their being no warranties or representa-
tions of any character except as set forth herein." None of
the representations made by the salesman was embodied in
the conditional sale contract, and there is no present conten-
tion that the defendant failed to satisfy the agreement of
warranty incorporated in the contract of sale or that there
is any action open to the plaintiff upon the representations
made prior to April 30, 1926.

On April 30, 1926, the defendant sold, assigned, transferred
and set over to the Finance Corporation of America, its
successors and assigns, the contract of conditional sale and

the note or notes mentioned therein, and all right, title and interest in and to the property therein described, and all moneys due and to become due and all rights and remedies under said contract. The note signed by the plaintiff and transferred on the day of its date to the Finance Corporation was payable in twelve instalments of $106.80 each, the first instalment to be paid one month after date.

Upon using the car the plaintiff discovered that it did not function properly in the way the selling agent had represented it would act. He made complaint of these deficiencies to a person in charge of the defendant's service station, without avail. About the first of July, 1926, and after payment of the first two instalments due on the note, he drove the car to the defendant's place of business. There he saw the defendant's manager and told him, in substance, that he did not want the car, that he would leave it there and would not make any further payments. In reply the manager said: "You don't have to worry; the car will be put up in perfect shape, and you keep the car and continue your payments." The plaintiff then said he would continue his payments if the company would "make it right," and the manager "promised" that the car would "work right, and . . . will be a car the way they represented" to the plaintiff. Thereafter the plaintiff kept the car and made all the payments on the note. During the time the payments were being made the plaintiff frequently left the car in the "Packard place," but it was not made right, and the troubles continued. There was other evidence, not reported, to the effect that the contract with the manager, if one was made, was not performed by him.

When the note and contract were transferred by the defendant to the Finance Corporation of America, the obligation of the plaintiff to the defendant on the note as matter of law ended, and his contractual duties, evidenced by the conditional sale agreement, were transferred to the Finance Corporation. Between the original parties to the contract and note here under consideration, or between the maker and owner of them, a promise by the maker of the contract and note to perform any legal duty which was required by

the executed instrument to be performed could not be a consideration without something beyond to support a new promise to the other party to that agreement. *Thomson* v. *Way.* 172 Mass. 423. *Parrot* v. *Mexican Central Railway,* 207 Mass. 184, 194. *Fienberg* v. *Adelman,* 260 Mass. 143.

The promise of the plaintiff to perform his contractual duty to pay his note to the holder of the note and otherwise to perform the obligation imposed on him by the conditional contract was a sufficient consideration for the promise of the defendant, if the defendant thereby received any legal benefit. Williston on Contracts, § 131 a. On the facts here presented the defendant by the promise of the plaintiff received assurance that the prior promises of the plaintiff would be carried out, and it acquired a right to influence the plaintiff to discharge the original obligation through a right to maintain an action for the recovery of damages commensurate with an amount unpaid on the note, should the plaintiff not discharge his prior contract. Without straining the facts, it can be assumed that the defendant had an economic interest in having the note which it had sold or assigned paid when due to the assignee. The facts in evidence show a benefit to the defendant consequent on the promise of the plaintiff. This in itself was a sufficient consideration, without considering whether there was not also a detriment to the plaintiff. *Abbott* v. *Doane,* 163 Mass. 433.

The motion for a directed verdict was denied rightly, and we do not find any prejudicial error in the refusal of the judge to instruct the jury that the conditional sale agreement was a binding contract.

*Exceptions overruled.*