Gillen, J.
This is an action of contract in which the plaintiffs seek to recover under the following agreement, oral and written (and which appears in the plaintiffs’ declaration marked “A”), viz:
“September 29, 1944
“It is hereby agreed .that we, the undersigned, for consideration paid, will indemnify Louis V. Melotte and Ella Melotte from any expense incurred in installing gas and electric meters in premises #48 Gordon Ave. Hyde Park, Massachusetts. The undersigned have the option to engage contractors of their own choosing.
LEONARD INTONTI AMALIA I. INTONTI.”
At the trial there was evidence tending to show that some time prior to September 29, 1944 the plaintiffs and the defendants entered into a written contract, the plain *66 tiffs to purchase and the defendants to sell certain premises numbered 48 Gordon Avenue, Hyde Park, Massachusetts. That according to the agreement if was to be a two-family house. That pursuant to the written agreement to sell, the plaintiffs and the defendants met on September 29, 1944 for the purpose of passing title to' the aforesaid premises. That prior to passing papers the plaintiffs stated that they refused to pass papers unless the defendants would agree to pay for expenses which the plaintiffs might incur in installing gas and electric meters adequate for a two-family house. The plaintiff, Louis V. Melotte, testified that he had understood that there were a gas and electric meter for each apartment, but that upon examining the premises prior to September 29, 1944 he found that there were no such meters. That thereupon in order to induce the plaintiff to pass papers the defendants agreed to pay for expenses incurred in installing meters and in pursuance thereof the defendants executed the written agreement attached to the plaintiffs’ declaration and marked “A”. There was also evidence that the defendant, Domenic Tucci, orally agreed to the terms of the aforesaid agreement. The original of the agreement signed by the defendants, Leonard Intonti and Amalia I. Intonti, was offered in evidence without objection.
There was further evidence tending to show that a few days prior to the date set for passing' papers the plaintiffs moved into the house that they were to purchase; that while living there they discovered that both apartments drew their electricity and gas from one meter.
That on the day when the plaintiffs and defendants met to. pass papers, the plaintiffs complained that they agreed -tp purchase a two-family house and therefore would refuse to proceed with the passing of papers; that there was some talk between the parties concerning the plaintiffs’ conten *67 tians. The parties disagreed and ¡because of the dispute, Mario Miseá, the attorney who represented the defendants, asked the defendants what they were going to do about it. After talking with the defendants the attorney informed the plaintiffs that his clients would sign the agreement, as drawn by him, which agreement is set forth in the original draft report; whereupon the plaintiffs agreed and did pass papers.
That the plaintiffs were not represented by counsel.
That the defendants in pursuance of said agreement engaged an electrician to install two electric and gas meters and paid the sum of $100 for said work.
That a few days afterwards the electrical inspector of the City of Boston examined said electrical work, and therefore refused to issue a permit for the use of electricity until all the illegal wiring leading to the meters was replaced in accordance with the laws of the City of Boston. There was undisputed evidence that there- existed concealed illegal wiring in 'said house-, which was there- -prior to date of passing papers and unknown to the- -plaintiffis.
That the defendants refused to complete the electrical work as demanded by the- inspector of the City of Boston.
There was- evidence that the replacement of the wiring was- a necessary part of the installing of ,said electric meters.
At the close of the trial the defendants made the following requests for rulings:
“1. The evidence does not warrant a finding against the defendants or either of them. 2. There was no legal consideration sufficient to support the promise of the defendants to indemnify the plaintiffs. 3. The action of the defendants- in engaging a -second electrician was not in accordance with the te-rmis of the written promise in that the defendants did not approve or select him. 4. The expense incurred by the *68 plaintiffs is not snch as is recoverable under the terms of the written promise of the defendants.
The court denied all of the -defendants ’ requests for rulings and found for the plaintiffs in -an amount for expenses incurred in installing gas and electric meters on the. premises. ’ ’
The defendants claim to be aggrieved by the rulings of the trial judge on requests 1 and 2.
“It is well established in this Commonwealth that a promise to -pay one f-or doing that which he whs under a prior legal duty to do- is not binding for want of a ■ valid consideration.” Parrot v. Mexican Central Railway, 207 Mass. 184, 195.
' ’ A limitation of this general proposition has been established'-in this Commonwealth in cases where a plaintiff having entered into a contract with the defendant to do certain work re-fuses to proceed with it, and the defendant, in -order to secure to h-imse-lf the actual performance of -the work in place of a right to collect damages from the plaintiff, promises to pay him an additional sum. This limitation is not intended to affect the rule that a contract cannot be binding without a consideration; hut it rests upon the doctrine that under these circumstances, there i-s a new -consideration. While- it is well established in Massachusetts, the doctrine -should not be extended beyond the cases to which it is applicable upon- the .recognized reasons-that have been given for it. Parrot v. Mexican Central Railway, supra, p. 195; Monroe v. Perkins, 9 Pick. 298.
In Torrey v. Adams, 254 Mass. 22, the- court -said, “The cases in this -Commonwealth where an agreement to -modify a contract has been held to- be -supported ibiy the original consideration have rested -either on the ground that the first contract has been- waived or rescinded -and a new contract with modifying terms -substituted for it, or -on the ground that, -one of-the parties having refused to -perform his part *69 of an executory contract, the other party, instead of resorting to an action for damages, has made a new agreement to pay additional compensation for its performance.”
In the instant case there was no consideration for the promise to pay for the installation of the gas and electric meters. The original contract was not given up or waived. Both parties continued to recognize the contract originally made for the sale of real estate as existing. It was not changed or altered. Fienberg v. Adelman, 260 Mass. 143, Williston on Contracts, Rev. Ed. sec. 130A. There was neither a gain to the promissor nor a detriment to the promisee here. The remedy for the sellers of the real estate was not solely a suit for damages against the buyers. Torrey v. Adams, supra, Fienberg v. Adelman, supra. They could enforce specific performance on "the part of the buyers. Hayes v. Harmony Grove Cemetery, 108 Mass. 400, Ladd v. Whitney, 117 Mass. 201, Barrett v. Marsh, 126 Mass. 213, Conley v. Finn, 171 Mass. 70, Restatement of Law; Contracts, sec. 360.
We think request No. 2 should have been granted. As the report contains all the evidence material to the question reported, the finding for the plaintiffs is vacated and judgment for the defendants is ordered.